FERNEKES and another, Respondents, vs. BERGENTHAL, Appellant.

*September 26 — October 11, 1887.*

*Compounding felony: Consideration: Promissory note.*

Where, in an action upon a promissory note, there is evidence tending to show that the consideration thereof was in part an agreement to discontinue a prosecution against a third party for embezzlement,

the court should distinctly and pointedly instruct the jury that if. the discontinuance of that prosecution entered to any extent into the consideration of the note, it was void, though it was also given in settlement of a debt; and his failure to give such an instruction is sufficient ground for granting a new trial.

APPEAL from the County Court of *Milwaukee* County.

The complaint in this action is upon a promissory note for $500, and interest, executed by the defendant to the plaintiffs. The answer alleges that the note was given to compound the crime of embezzlement, committed by one Carl Brauns, an employee of the plaintiffs, after they had commenced a criminal prosecution against him therefor and caused him to be arrested.

Upon the trial it was proved that said Brauns had been in the employ of the plaintiffs as a traveling salesman, and had collected and converted to his own use moneys belong-- ing to them, and overdrawn upon his salary, to the amount in the whole of about $1200; that he had been arrested on a criminal complaint for embezzlement, made by one of the plaintiffs, and they had received from the defendant and another friend of Brauns the sum of $500, in money and this note, and the prosecution had been immediately there- after dismissed by the court at the instance of the plaintiffs. The defendant testified positively that the money was paid and note given solely to procure the dismissal of the crim- inal proceedings and the release of Brauns, and that the plaintiffs agreed in consideration thereof to go and dismiss the criminal prosecution. The plaintiffs claimed that the money and note were received solely in compromise and settlement of their money claim against Brauns, and that the account against him upon their books was thereupon balanced; and in their testimony they denied that they made any promise to discontinue the prosecution or cause it to be dismissed.

The judge, in his charge to the jury, gave them to under-

stand that a prosecuting witness could not control a criminal prosecution after the person charged had been arrested, and then gave them the law in regard to compounding a felony as stated in the opinion; but also told them that ·if the money and note were given to plaintiffs in payment and satisfaction of Brauns' indebtedness to them, that was a good consideration.

· From a judgment for the plaintiffs the defendant appeals.

· *J. C. McKenney*, for the appellant, contended that the evidence shows that the defendant was under no legal obligation to pay Brauns' debt, but paid money and gave the note in suit purely out of sympathy and to shield him from prosecution, and that the note was therefore founded on an illegal consideration and void, citing numerous authorities. The court should have charged the jury that if part of the consideration of the note was the discontinuance of the prosecution, it was void. *Averbeck v. Hall*, 14 Bush, 505; *Ricketts v. Harvey*, 106 Ind. 564, 566; *Buck v. First Nat. Bank*, 27 Mich. 293.

For the respondents there was a brief by *Cotzhausen, Sylvester, Scheiber & Sloan,* and oral argument by *Mr. Cotzhausen.* They contended, among other things, that the burden of proving that the note was given for an illegal consideration was upon the defendant. Greenhood on Public Policy, Rules 129, 130, 388. The evidence in this case was conflicting and insufficient. The true question here was, whether the note was given for money owing, or given to stifle prosecution, and the language of the charge was not liable to any serious misconstruction. Edwards on Bills, sec. 475; Daniels on Negotiable Instruments, secs. 196–198; *Goodwin v. Crowell*, 56 Ga. 566; *Armstrong v. Southern Exp. Co.* 4 Baxt. 376; *Harding v. Cooper*, 1 Stark. 467; *Bibb v. Hitchcock*, 49 Ala. 468.

COLE, C. J. We are of the opinion that the charge of the learned county court in this case was misleading upon the

real issue presented by the pleadings and evidence, and that a new trial should have been granted. The defense was that the note in suit was given for the purpose of inducing the plaintiffs to refrain from prosecuting Brauns for embezzlement, with which crime he was charged. The fact was indisputable that Brauns was justly indebted to the plaintiffs, in an amount exceeding $1,000; that this note, together with Weinhagen's note of $200, and $300 in cash, were given and received by the plaintiffs in full settlement of their claim against Brauns. About this there was really no controversy. But the real question in the case, and the one which the court failed to embrace in his charge, was whether the withdrawal of the criminal prosecution did not enter as a part consideration for the giving of the note. If it did, we suppose the note would be void, though such engagement to refrain from prosecuting Brauns did not constitute the sole consideration for the giving of the note. There was certainly evidence from which the jury might have found that the dismissal of the criminal proceeding was an important element entering into the consideration; that the defendant would not have given the note merely to pay Brauns' debt, if he had not understood that the prosecution was to be dropped by the plaintiffs.

It appears to us the charge was calculated to mislead on this vital point in the case. The jury may have supposed that a note given and applied to settle a debt would be valid, though one inducement for giving it was to put an end to the criminal prosecution. It is plain that it was not essential that the agreement of the plaintiffs to discontinue the prosecution should be the sole consideration for the note. If such an agreement in any way entered into the consideration, it would invalidate the note, though the plaintiffs might at the same time apply it in discharge of the debt which Brauns owed them. It is true the judge instructed, in effect, that the sole point in the case was whether or not

the note was given to the plaintiffs for the purpose of compounding the felony; that if it was given for such a purpose it was void; that it could make no difference so far as compounding the felony was concerned, by the payment of money, or giving a note, whether the person charged was indebted to the complaining witness or payee or not, because the money for the compounding of such felony was not given for the purpose of paying an honest claim, but to induce the person making the complaint to do something that was dishonest or unlawful. The impression which the charge is calculated to produce is that the sole consideration of the note must be the withdrawal of the prosecution on the part of the plaintiffs; otherwise there would be no compounding of the felony. Any such view is erroneous. If the note was given partly to pay or secure Brauns' debt, and partly on the promise that the plaintiffs would discontinue the prosecution, the note would be void, because founded on an illegal consideration. The defendant was not connected with the debt that Brauns owed the plaintiffs, and his inducement to give the note might be a desire to shield him from prosecution. And if the plaintiffs made a promise that they would not prosecute if their debt was settled, and this in any way entered into the consideration or inducement for giving the note, the obligation is void.

It is elementary law that a note given in part consideration for compounding a felony, or for suppressing a criminal prosecution, is void as against public policy. That proposition was not contested by the learned counsel for the plaintiffs. Embezzlement of money exceeding $100 is a felony by our statute, liable to be punished by imprisonment in the state prison. Secs. 4418, 4637, R. S. Sec. 4501 makes it a crime for any person having knowledge of the commission of any offense, to take any money, or reward, or engagement therefor, upon an agreement or understanding, express or implied, to compound or conceal such offense, or not to

Goldmark and others vs. Rosenfeld and others.

prosecute the same. This would, of course, avoid the note given by defendant, if the consideration was in part to forbear to prosecute Brauns for the embezzlement with which he was charged. Brauns was charged with having embezzled $600 of the plaintiffs' money; in other words, he was charged with having committed a felony. It would be improper for us to express any opinion upon the testimony, tending to prove that the note in suit was given, in part, at least, to induce the plaintiffs to discontinue the prosecution which had been instituted. It is sufficient to say, in view of the evidence introduced on the trial, that the jury should have been distinctly and pointedly instructed that, if the discontinuance of that prosecution entered to any extent into the consideration of the note, it was void, though it might also have been given in settlement of the claim of the plaintiffs against Brauns. The charge, as given, is so well calculated to mislead the jury, that we think a new trial should have been granted.

*By the Court.*— The judgment of the county court is therefore reversed, and a new trial awarded.