[No. 4298.]

GILES v. DE COW.

**1. Contracts—Compounding Crime—Public Policy.**

A contract whereby a defendant agreed to return certain property alleged to have been stolen by his brother-in-law and to pay a debt owed by the brother-in-law to plaintiff, in consideration that plaintiff would not prosecute the brother-in-law for the larceny is illegal and will not be enforced by the courts.

**2. Contracts—Illegal Consideration.**

Where a contract is based partly upon an illegal consideration and it is impossible to sever the illegal from the legal part of the consideration the entire contract is void.

*Error to the County Court of Teller County.*

Mr. BENJAMIN W. COLEMAN, for plaintiff in error.

No appearance for defendant in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

Charles H. Corless owed the plaintiff for borrowed money and room rent about $20. While occupying one of her rooms she alleges that he stole and converted to his own use certain of its furnishings of the value of $189. Plaintiff caused a complaint to be sworn to against him before a justice of the peace charging him with the larceny of this property. Defendant (who was a brother-in-law of Corless) promised plaintiff that if she would not have a warrant of arrest issued from the justice's court on that complaint, and would not have Corless arrested for larceny, and would permit him to remove from his room certain of his baggage where it was stored and kept, that defendant would return all of the stolen property to plaintiff and repay her the amount of the loan and room rent. The specific allegation of the complaint is that plaintiff, relying upon this promise of defendant, did not have the warrant issued or Corless arrested for larceny, and Corless was allowed to, and did, remove his baggage. Defendant having returned some, but not all, of the stolen property, and refusing to pay the amount of the loan and room rent, she brought this action to recover judgment for $97.40, the value of these two accounts and the stolen property retained.

The complaint on its face shows that no cause of action is stated, and defendant's demurrer, which was overruled, should have been sustained by the court and the action dismissed. A thief is under a legal, as well as a moral, duty to repay the person whose property he has stolen, and it is not in itself an illegal contract for him to give his own obligation therefor, or for a third party to agree to recompense the owner

for the loss. But if the consideration for the promise of either, in whole or in part, be an agreement to stifle or discontinue prosecution of the crime committed, such promise will not be enforced. One of the unseverable considerations for defendant's promise was the agreement, which plaintiff kept, to discontinue the criminal prosecution against Corless. The law, therefore, will leave the parties in the situation in which they have placed themselves. As was said by this court in *Pueblo, etc., R. R. Co. v. Taylor et al.,* 6 Colo., 1, 14: "Where an illegal condition or promise on one side is a part of the consideration for the entire obligation on the other side, it is owing to the impossibility of determining the weight or extent of such portion of the consideration which moved to induce the engagement thereupon, that such void promise or consideration is held to be unseverable, and avoids the whole contract."

The same doctrine is declared in *Levy v. Spencer,* 18 Colo., 533, 538, wherein it is said that in a case where a party asserts a claim founded upon, and recoverable only through and by virtue of, an illegal contract, it will not be enforced by the courts. The authorities bearing upon this case are collated in 6 Am. & Eng. Enc. of Law (2d ed.), 409,*et seq.* Cases quite in point are *Ream v. Sauvain,* 2 Kan. App., 550; *Fermekes v. Bergenthal,* 69 Wis., 464, 468; *Tyler et al. v. Bailey,* 71 Ills., 34.

It appearing that the contract relied upon in this case is an entire contract, and the consideration therefor, at least in part, illegal, it is impossible to sever the consideration. Defendant's promise, therefore, cannot be enforced. The judgment is reversed and the cause remanded with instructions to sustain the demurrer to the complaint and dismiss the action.

*Reversed.*