Filed Nov. 29, 1892.

———◆———

No. 752.

## WEAVER v. ZOLLMAN.

PROMISSORY NOTE.—*Action by Endorsee.*—*Real Party in Interest.*—*Claim of Ownership by Wife of Payee.*—*Answer.*—*Fraudulent Assignment.*—An action was brought upon a promissory note, the plaintiff claiming that it had been assigned to her by the payee for value received. The widow of payee, pursuant to section 273, R. S. 1881, was substituted in place of the maker, he paying into court the amount of the debt. The widow filed an answer alleging that all the estate of her deceased husband, the same being worth less than $500, was set apart to her under the statutes in such case made and provided, and that the note in suit was a part of said estate so set apart to her. It was further averred that the plaintiff was not the real party in interest, and that the pretended assignment to her was fraudulent and null and void.

*Held,* that the answer was defective in not setting forth facts to show how, notwithstanding the assignment, the ownership of the note was in the payee at the time of his death.

*Held,* also, that it was of no avail to allege that the assignment was fraudulent and null and void without alleging any facts which would invalidate the transfer.

From the Clark Circuit Court.

*P. H. Jewett,* for appellant.

*C. D. Harrod* and *J. T. Patterson,* for appellee.

BLACK, J.—The appellant, Lizzie Weaver, brought her action against one A. Jacob Giltner upon a promissory note made by him to one Philip Zollman, who, it was alleged in the complaint, on the 6th of October, 1888, "by indorsement in writing on the back of said note, * * * assigned said note to plaintiff for value received."

Section 273, R. S. 1881, provides: "A defendant against whom an action is pending upon a contract, or for specific real or personal property, may, at any time before answer, upon affidavit that a person not a party to the action, and without collusion with him, makes against him a demand for the same debt or property, upon due notice to such person and the adverse party, apply to the court for an order to substitute such person in his place, and discharge him from liability to either party, on his depositing in court the amount of the debt, or delivering the property, or its value, to such person as the court may direct; and the court may, in its discretion, make the order."

Through proceedings pursuant to this statute the appellee, Rosella Zollman, was substituted in place of Giltner, the maker of the note, who was discharged from liability on his payment into court of the amount of the debt.

Thereupon the appellee filed her answer, a demurrer to which was overruled. In this answer it was alleged, in substance, that the appellee was the surviving widow of Philip Zollman, deceased, "late of Clark county, Indiana," who died in 1889, the legal and rightful owner of said note, and

leaving an estate worth less than five hundred dollars, of which estate the note formed a part; that after his death, the appellee, as his surviving widow, on the 28th of October, 1889, filed with the clerk of the court below " her verified petition under the statutes, setting forth that all the property, real and personal, of her deceased husband was not worth over five hundred dollars, and asking to have the same appraised; and thereupon such proceedings were had as that the estate of said Philip Zollman was appraised, and the appraisement thereof returned to the office of the clerk of said court on the 8th of November, 1889, from which appraisement it appears that said estate, including the note in suit, is of the value of $211.55; and such other and further proceedings were had in their behalf, that at the January term, 1890, of said court, it was ordered and adjudged by the court that all the title and interest of the said Philip Zollman at the time of his death in his said estate be vested in said Rosella Zollman as his widow, and that no letters be issued on said estate."

It was further alleged that the appellant " is not the real party in interest; that she is not the owner and holder of the note in suit in her own right; that the same is held by her only for the use and benefit of Philip Zollman, deceased, and is the just and rightful property of the said Rosella Zollman, as a part of the estate of her deceased husband; that no assignment, transfer or endorsement of said note, either legal nor equitable, was ever made at any time by said Philip Zollman to said Lizzie Weaver; that the pretended assignment of said note, as set out in plaintiff's complaint, by said Philip Zollman to said Lizzie Weaver, was fraudulent and without consideration, and was null and void, and was neither a sale in good faith nor a gift, but the note was at all times the property of said Philip Zollman and under his control, and at the maturity of said note the amount thereof was to be paid to him by the maker thereof, the said A. Jacob Giltner, and that the said note and the amount

due thereon is now legally, justly and rightfully the property of said Rosella Zollman as the widow of said Philip Zollman. Wherefore," etc.

The complaint shows a cause of action in the appellant as the owner and holder of the note as the assignee of the payee by his endorsement in writing thereon.

The question raised by the demurrer to the answer is whether or not it shows that the appellee and not the appellant is the real party in interest in the action on the note.

This question is similar to one which has been frequently decided in this State in actions brought upon notes by assignees against the makers, wherein the defendants have sought by their answers to show that the plaintiffs were not the real parties in interest.

Assuming it to be sufficiently alleged in the appellee's answer that the Philip Zollman therein mentioned was the payee of the note, does the answer state facts showing that the appellee was the person entitled to sue on the note, instead of the appellant?

The appraisement of the note as a part of the estate of the decedent and the order of court vesting in the appellee all the title and interest of the decedent at the time of his death in his estate, could only have the effect of authorizing the appellee to maintain a suit on the note if it was his property at the time of his death, and could not affect any right or interest of the appellant then existing.

The effect of the assignment alleged in the complaint was to divest the payee of all his interest in the note. It was sufficient for the appellee, while admitting the assignment, merely to contradict its legal effect. It devolved upon her to show, by allegation of facts, how, notwithstanding the assignment, the ownership of the note was in the payee at the time of his death.

The answer did not show that the appellant was not in possession of the note, or that the payee was the holder thereof at his death. It did not show that the appellant

held the note as the agent of the payee for the purpose of collecting it and paying the proceeds to the payee. It was of no avail to allege that the assignment was fraudulent and null and void, without showing any facts which would invalidate the transfer. The assignment did not need a consideration to support it. It was alleged that the assignment was not a sale in good faith, but how or for what purpose it was in bad faith was not shown. It might have been a sale not in good faith, and yet there might have been a transfer of the interest of the payee. In face of the transfer of the title and possession to the appellant, it was not sufficient for the appellee to allege that the note was under the control of the assignor without any facts showing a right of control remaining in him.

The answer contains many conclusions which need not be more particularly noticed. It does not state such facts as, in view of the assignment alleged in the appellant's complaint, would show, as a matter of law, that the appellee, and not the appellant, was the real party in interest.

The judgment is reversed, and the cause is remanded with instruction to sustain the demurrer to the appellee's answer.

