## H. F. FRIEND *et al.* V. C. R. MILLER.

1. EVIDENCE —*Court Records of Another State.* A record of proceedings in the judicial district court of the territory of Utah, duly authenticated under the act of congress, is admissible in evidence to show that such proceedings have been had. (*Dodge v. Coffin,* 15 Kas. 277; *Haynes v. Cowen,* 15 id. 637.)

2. COMPOUNDING FELONY —*Void Note.* An agreement to stifle a prosecution or to withhold testimony therein, and thus obstruct the course of public justice, or to compound a felony, is absolutely void, and no recovery can be had upon a promissory note given in consideration of such an agreement.

3. PAROL EVIDENCE *to Vary Written Contract.* The rule which forbids the introduction of parol evidence to contradict, add to or vary a written instrument does not extend to evidence offered to show that a contract was made in furtherance of objects forbidden by statute, by common law, or by the general policy of the law. (*Martin v. Clarke,* 8 R. I. 389.)

4. ———— *Question for Jury.* The evidence examined, and held to be sufficient to carry the case to the jury.

*Error from Sedgwick Court of Common Pleas.*

ACTION to recover upon a promissory note for $1,700, executed by H. F. and J. A. Friend in favor of C. R. Miller, payment of which was guaranteed by W. R. Tucker and William Mathewson. The defendants below answered, setting up two defenses: The first, that the note was executed without consideration, and was given upon an agreement by the Friends and one N. E. Osborn with Miller, wherein Miller agreed to dismiss all actions then pending in court wherein he was plaintiff and the Friends and Osborn were defendants, and to deliver H. F. Friend certain deeds and valuable papers then under the control of Miller, and to keep Friend harmless from further costs and expenses arising out of the actions to be dismissed. This agreement, it is alleged, Miller failed and refused to perform, by reason of which the consideration of the note had wholly failed. The second defense avers that the only consideration for the execution of the note was an agreement entered into between the

Friends and Osborn on the date of the execution of the note, in which Miller, in consideration of the giving of the note, among other things, agreed to forbear, discontinue and refrain from prosecuting a certain criminal action pending against H. F. Friend and N. E. Osborn in the court of the territory of Utah, holden in Salt Lake City, wherein Friend and Osborn are charged with the commission of a felony under the laws of the territory, which act would constitute a felony under the laws of Kansas, to wit, the forging of a deed to real estate situate in the county of Sedgwick, state of Kansas, and which was filed and recorded within said county as a valid and genuine instrument. It was further alleged, that the said Miller then and there agreed to forbear and refrain from the prosecution of the said Friend and Osborn at any time or place for the forging or uttering of the alleged forged deed, or for any offense growing out of the alleged forgery of the same. The reply was a general denial. On the trial, it was ruled that the defendants had the burden of proof and the opening and closing. They introduced their evidence, after which an application was made to amend the answer so as to conform to the facts proven, but leave was not granted. Miller then demurred to the evidence which was offered, and the court sustained the same, and directed the jury to return a verdict in favor of the plaintiff below for the full amount of the note, with accrued interest thereon. Exceptions were taken to the rulings of the court and to the refusal of a motion for a new trial. The defendants come to this court.

*Amidon & Conley,* for plaintiffs in error:

We claim that the court erred in sustaining the demurrer to the evidence offered by plaintiffs in error. If there was some evidence fairly tending to sustain the alligations of the answer, it should have gone to the jury. See *Brown v. A. T. & S. F. Rld. Co.,* 31 Kas. 1; *Fox v. Campbell,* 49 id. 331; *Sullivan v. Insurance Co.,* 34 id. 177; *K. P. Rly. Co. v. Couse,* 17 id. 571; *Jansen v. City of Atchison,* 16 id. 383; *Waterson v. Rogers,* 21 id. 529. There being no variance between the

answer in this case and the evidence which would mislead the adverse party, all of the evidence fairly tending to sustain the allegations of the answer above referred to should have been admitted. See *Zeininger v. Schnitzler*, 48 Kas. 66.

We believe that the evidence offered in this case clearly establishes the fact that the only consideration for the note sued upon was the promise of Miller to turn over the forged deed and the depositions of Osborn and Friend, including the signature of Rev. John Murphy signed by Osborn and the defendants, in the criminal suit pending in Salt Lake City. We think, also, that the evidence clearly shows that Mathewson and Tucker signed the note for the expressed and only purpose of having the Salt Lake criminal prosecution finally settled. There can scarcely be any doubt but that the evidence offered clearly establishes that fact. The answer is broad enough to come within the provisions of § 161 of the crimes act (Gen. Stat. of 1889, ¶ 2298), and the evidence certainly is strong enough, under said section, to warrant a jury in finding that the note sued upon was given in violation of said section.

In order to avoid the note sued upon, on the ground that it was given to compound a felony, all that was necessary upon the part of the plaintiffs in error to show was, that there was some agreement or promise on the part of the defendant in error to forbear prosecution for the crime above referred to, or to suppress the evidence that would tend to prove it. Now, the evidence clearly shows that the defendant in error did promise, contract and agree to do this identical thing. See *Weber v. Barrett*, 125 N. Y. 18. We think, if the evidence fairly establishes the fact that an agreement or promise to conceal the evidence discontinues the prosecution, or the promise to compound the felony was an element inducing the execution and delivery of the note, then the defendant in error cannot recover. See *Haynes v. Rudd*, 83 N. Y. 257; *Met. L. Ins. Co. v. Meeker*, 85 id. 614; *McPherson v. Cox*, 86 id. 427; *Dunham v. Griswold*, 100 id. 224. Also, see *Haynes v. Rudd*, 102 N. Y. 372, 376.

*Stanley & Hume,* for defendant in error:

Confining ourselves to the issues made by the pleadings, we insist that the demurrer was well taken, unless the evidence proved, first, that a criminal suit was pending in the courts of the territory of Utah, wherein H. F. Friend and N. E. Osborn were charged with and indicted in said court for the commission of a felony under the laws of said territory, the commission of which act would constitute a felony under the laws of the state of Kansas, to wit, for forging a deed to certain real estate in Sedgwick county, Kansas; second, that said Miller agreed to forbear, discontinue and refrain from prosecuting said action.

We contend that the evidence failed to show either of these propositions. The testimony by which the plaintiffs in error sought to establish the fact that a criminal prosecution of the kind mentioned was pending in the territory of Utah consisted of copies of papers purporting to be an indictment with indorsements thereon, and a recognizance with indorsements thereon. The case-made contains a governor's warrant and return of the sheriff, but this does not appear by the case-made to have been introduced in evidence. To the introduction of this testimony the defendant in error objected, as being incompetent, irrelevant, and immaterial, "it not being the record of any court, and there not being any evidence that there was any such court as that specified in the indictment." Without this evidence, there is an absence of proper proof to show that any action was pending in the territory of Utah against the plaintiffs in error, Friend and Osborn. If the testimony offered is incompetent, then the court erred in its admission; and if the court erroneously admitted the evidence, and this court should now so find, it must treat the case as though such evidence had not been admitted, in which case there would be a total failure to prove that a prosecution was pending in the territory of Utah, and all other testimony relative to Miller's action with reference to the case in Utah would be irrelevant and immaterial.

We hold that these proceedings were not sufficiently authenticated to entitle them to be used as evidence in the courts of this state. We are aware that this court, in passing upon this question, has particularly said that the judgments or proceedings of the courts of sister states, authenticated as the one in question, are properly authenticated, and may be used as evidence. This matter is pretty fully covered in the cases of *Dodge v. Coffin,* 15 Kas. 277, and *Haynes v. Cowen,* 15 id. 637. These cases, however, proceeded upon the theory that the courts of one state will take judicial notice of the constitution of sister states, so far as such constitution defines the jurisdiction of the courts of such state.

Under the rule that, when parties reduce an agreement to writing, it is presumed to embrace the whole understanding between them at the time, all of the testimony showing any other understanding or agreement before the written agreement was signed was irrelevant and immaterial; and if it was excluded, it was properly excluded, and all other evidence upon the subject ought to have been excluded and cannot be considered here. The agreement in writing was solely upon the subject of the settlement between Miller, Osborn, and Friend. It was full and complete upon that subject. It covered all that was necessary to be embraced in any agreement, showing a full and complete settlement; and parties ought not to be allowed to go upon the outside and show an altogether different agreement from that reduced to writing. If the demurrer to the evidence was properly sustained, there was nothing then to be done except for the court to render judgment upon the note, the execution of which had not been denied.

*Noah Allen,* for plaintiffs in error in reply:

There is no sacredness about a written document tainted with fraud or illegality, and, upon these grounds, evidence tending to show the truth of all the facts and circumstances under which the same was made is clearly admissible. That parol testimony may be offered to show that a written contract was made for the furtherance of objects forbidden by

the law, even though it apparently contradicts a written contract, see Greenl. Ev., § 284; Browne, Parol Ev., § 31, p. 44; *Dombey v. Tindall*, 32 Tex. 43; *Martin v. Clarke*, 8 R. I. 389; *Parker v. Parmalee*, 20 Johns. 134; *Reed v. McKee*, 42 Iowa, 689; *Buck v. Watt*, 27 Mich. 293; Jones, Const. of Con. 259.

If any part of the consideration for the note sued upon was illegal, it is a good defense to the whole of the note. When any part of the entire consideration or promise is illegal, the whole contract is void. *Wade v. Webb*, 20 Ohio St. 430; *McQuade v. Rosecrans*, 36 id. 442; 3 Am. & Eng. Encyc. of Law, 887; *Coal Co. v. Coal Co.*, 68 Pa. St. 183.

That there was a criminal prosecution pending in the court of the territory of Utah against the said Friend and N. E. Osborn, and the nature of such prosecution, is clearly shown by a certified copy of the record introduced in evidence. That this record was admissible and properly admitted, is clearly established by an examination of § 905 of the Revised Statutes of the United States of 1878. It is unnecessary to cite authorities showing that the courts of this state will, where there is no evidence offered, presume the laws of sister states and territories to be the same as the laws of Kansas, and therefore hold the crime of forgery to be a felony under the law.

The opinion of the court was delivered by

JOHNSTON, J.: The demurrer to the evidence admitted every fact and conclusion which the testimony most favorable to the defendants below tended to prove. The court could not weigh conflicting testimony nor withdraw the case from the jury because the testimony tending to establish the defense was weak and unsatisfactory. It could not direct a verdict in favor of Miller unless the opposing parties entirely failed to offer proof tending to establish something essential to the maintenance of their defense. (*Railway Co. v. Couse*, 17 Kas. 571; *Brown v. Railroad Co.*, 31 id. 1; *Christie v. Barnes*, 33 id. 317; *Sullivan v. Insurance Co.*, 34 id. 177.) An examination of the testimony and of the rulings of the court, to-

gether with its explanatory remarks, convinces us that there should be another trial of the cause. There was testimony tending to show that, when the note was given, a criminal prosecution was pending in the courts of the territory of Utah against Friend and Osborn upon a charge of forgery. This was shown by a record of the proceedings in the Utah court, authenticated as the law requires. The contention that the proceedings were not sufficiently authenticated to entitle them to be used as evidence in the courts of this state is not good. The court can take notice of the constitutions of other states constituting courts, and it can also take notice of the acts of congress providing for the organization of territories and the creation of courts therein, so far as the jurisdiction of such courts is shown. (*Dodge v. Coffin*, 15 Kas. 277; *Haynes v. Cowen*, 15 id. 637.) Within the rule of these authorities, the authentication in question was amply suffi-

1. Evidence— court records of another state.

cient, and justified the admission of the record. More than that, it was admitted and considered by the court, and may justly be considered by this court, in determining whether there was sufficient testimony offered to take the case to the jury. There was testimony tending to show that the prosecution was begun at the instance of Miller, who had employed counsel to assist in the prosecution, and had spent money to procure evidence to sustain the charge. There was other testimony tending to show that he had the control and possession of written testimony important and material to a successful prosecution. A number of civil actions between these parties had been commenced, and, to settle all differences between them, an agreement was made for the compromise and dismissal of the civil actions; and this agreement appears from some testimony to have involved also the discontinuance of the prosecution in Utah, and the surrender by Miller of the testimony of which he had control that might be used in that prosecution. In consideration of these agreements, the note in question was given.

There can be no question that an agreement for the purpose of stifling criminal prosecutions, or for the withholding of

10 — 52 KAS.

proof so as to obstruct the course of public justice, is absolutely void. The defendants in the prosecution were charged with a forgery, and the compounding of such an offense is itself a felony. An agreement or understanding, express or implied, to conceal a felony, or to abstain from a prosecution thereof, or to withhold any evidence thereof, is punishable by confinement at hard labor for a term not exceeding five years. (Crimes Act, § 161.) If the consideration for the note was that Miller should withhold or suppress material evidence and prevent further prosecution of the charge, or if

2. Compounding felony—void note. these things were a part of the consideration for the note, it would vitiate the whole, and no recovery could be had upon it. (*Gerlach v. Skinner*, 34 Kas. 86; *Hinnen v. Newman*, 35 id. 709; *Haynes v. Rudd*, 102 N. Y. 372.) There is testimony that part of the consideration for the note was that Miller should surrender the instrument alleged to have been forged, together with certain depositions pertaining to the same matter, and that Miller said that, if the note or the money were not given to him, the criminal prosecution in Utah could not be dismissed, and the deed and evidence could not be surrendered. It was also testified that a part of the agreement was reduced to writing, and a part was not, Miller saying that, if the agreement with reference to the Utah matter was reduced to writing, it would criminate him. The written agreement which is in evidence, after providing for the settlement of other controversies, provided that Miller should

"Not employ or assist in the employment of counsel or other persons to conduct or assist in conducting a certain action now pending in the territory of Utah wherein the people of the territory of Utah are plaintiff, and H. F. Friend and N. E. Osborn are defendants, or to furnish or provide any money or obligation for the payment of money to assist in the prosecution of such action, or furnish money to procure the presence of any parties at said trial."

It is contended that the written agreement must be presumed to have embraced the whole understanding of the

parties, and that testimony showing a different understanding or agreement than that reduced to writing should have been excluded, and, although not excluded, was entitled to no consideration by the court. It is probable, as contended, that the provisions of the written agreement not to employ counsel or other persons to assist in conducting the prosecution in Utah, and not to provide money or obligation for money to carry on the prosecution, or to procure the presence of witnesses at the trial, may not be in violation of law or morals; but this writing will not prevent the parties from showing the exact consideration for the note, although it might, to some extent, be at variance with the writing. Parol testimony is admissible, not to contradict the instrument, but to show that it is illegal and altogether void. "The rule which forbids the introduction of parol evidence to contradict, add to or vary a written instrument does not extend to evidence offered to show that a contract was made in furtherance of objects forbidden by statute, by common law, or by the general policy of the law." (*Martin v. Clarke*, 8 R. I. 389; *Reed v. McKee*, 42 Iowa, 689; Greenl. Ev., § 284; Browne, Par. Ev., §§ 33, 34; Jones, Const. of Con., § 191.) Under the rule of these authorities, some of the testimony which was excluded should have been admitted; but there was enough of that which was admitted to carry the case to the jury. It is true that the evidence respecting the agreements of the parties as to the Utah prosecution is weak and somewhat contradictory, and, possibly, if submitted, the jury might have brought in such a verdict, as the court directed. The plaintiffs in error, however, were entitled to have the testimony, with all its contradictions and inconsistencies, submitted to the jury, and the value and sufficiency of the same were questions for their determination. The averments of the answer were somewhat general with respect to the illegal agreement, but they were not attacked upon this ground except by objections to testimony when the court refused to permit an amendment. Under the circumstances, we think that

3. Parol evidence to vary written contract.

4. Question for jury.

the proof offered was entitled to consideration. As there must be a new trial of the cause, the averments of the answer may be made as specific as is necessary.

The error of withdrawing the case from the jury and directing a verdict compels a reversal of the judgment and the remanding of the cause for another trial.

All the Justices concurring.