FRED W. GOULD, and another,

*vs.*

BENJAMIN F. LEAVITT, and another.

Penobscot.    Opinion January 23, 1899.

*Evidence.   Illegal Contract.   Bills and Notes.   R. S., c. 27, § 56.*

The rule which forbids the introduction of parol evidence to contradict, add to or vary, a written instrument does not extend to evidence offered to show that the contract was made in furtherance of objects forbidden by statute, by common law or by the general policy of law.

One S. sold to the defendants, by a written bill of sale, the furniture and trade fixtures of a restaurant for the consideration of $1100, of which a portion was paid in cash and the balance by the defendants' notes secured by a bill

of sale, outright in form but intended as a mortgage, of the same articles. In the trial of an action of replevin to recover the articles named in the mortgage, it was claimed in defense that the sale from S. to the defendants included intoxicating liquors, and that the notes given for a portion of the purchase price were in part for such intoxicating liquors, and that consequently both the notes and the mortgage given to secure them were void in the hands of the plaintiffs, who had knowledge of the illegality of the transaction.

*Held;* that if the sale did include intoxicating liquors for one entire purchase price, the notes given back for a portion thereof were in part for intoxicating liquors sold in violation of the laws of the state; and, by R. S., c. 27, § 56, could not be enforced by the plaintiffs if they had knowledge of the original transaction. And further, *held;* that when such a defense is interposed it is competent to show the real transaction to the extent even of contradicting the written evidence of the sale.

One who has given his note for a legal and valuable consideration can not avoid payment because the payee has transferred it in payment of a debt which the law would not have compelled him to pay.

Upon the same day of the sale to the defendants and of the mortgage back, the mortgagee transferred the notes and assigned the mortgage to the plaintiffs in payment of indebtedness of about an equal amount, of which a portion was for borrowed money and the balance for intoxicating liquors previously sold by the plaintiffs to S., the mortgagee. *Held;* that these facts do not constitute a defense to the action of replevin to recover the articles included in the mortgage. While the statute makes a claim, demand or promissory note given for intoxicating liquors uncollectible, except in the case of a note in the hands of a holder for a valuable consideration and without notice of the illegality of the contract, it does not forbid the payment of such indebtedness. A debtor may pay indebtedness of this character either in money or by the transfer of any property or chose in action.

The court holds that the testimony in this case is sufficient to entitle the defendants to have the jury pass upon the question whether or not the original transaction included the sale of intoxicating liquors.

ON EXCEPTIONS BY DEFENDANTS.

Replevin to recover a lot of furniture and fixtures, valued at $319, and situated in the St. Elmo saloon, on Exchange street, in the city of Bangor, the plaintiffs claiming title under a mortgage by virtue of an assignment thereof, which said mortgage and assignment, bearing date November 2, 1896, were duly recorded.

Writ dated May 3d, 1897.

Plea, the general issue with the following brief statement:

And for brief statement of defense in this behalf, the said defendants say:

First, that at the time said goods and chattels were replevied by the plaintiffs, the title, possession and right to the possession thereof were in the defendants, and were not in the plaintiffs.

Second, that the mortgage, under which said plaintiffs claim title to said goods and chattels, was and is null and void.

(1) because it was given to secure the balance of the purchase money for the purchase of the St. Elmo restaurant, stock and fixtures, situated on Exchange street, in said Bangor, a part of which said stock consisted of intoxicating liquors that were included in said purchase, and formed a part of said balance.

(2) because said mortgage was given to secure the balance of the purchase money for the purchase of said restaurant, stock and fixtures, situated as aforesaid, which said balance was made up in whole or in part, of a debt contracted for the purchase and sale of intoxicating liquors, in this State, in violation of law.

(3) because said mortgage was assigned to said plaintiffs to secure them for a debt, contracted in whole or in part, for intoxicating liquors sold in this State, in violation of law; and that the plaintiffs received said assignment, together with the notes thereby secured with full knowledge of the illegality of said notes and mortgage.

All of the evidence and pleadings were made a part of the exceptions.

After the evidence was fully received, the presiding justice directed the jury to return a verdict for the plaintiffs; to which ruling the defendants excepted.

The case appears in the opinion.

*M. Laughlin and L. C. Stearns*, for plaintiffs.

Where a contract of sale has been consummated by writing, the presumption is that the writing contains the whole contract, and parol evidence is inadmissible to vary it. 17 Am. & Eng. Ency. 425.

If the court had permitted defendant to put every question excluded, and the answers had been responsive, there would still remain this fatal objection to all the proffered evidence, and also to the evidence that was received: nowhere is the legality of the consideration of the mortgage indebtedness attacked. The examination of witnesses on both sides shows that defendants' object was to show (if permitted) that the transfer from Stewart to Leavitt and Coffey consisted of some articles of intoxicating liquors. Supposing it did, defendants cannot invoke the statute (R. S., c. 27,) because no action is brought upon that contract. If it is admitted, for the purposes of discussion, that evidence was improperly excluded, there is no question put and admitted, or put and excluded, that contains either in precise language, or substantially, this vital question: was the consideration of the debt, secured by the mortgage, intoxicating liquors sold in violation of law.

The fact, if such it be, that liquors were separately given away, or transferred by parol, or written agreement, if distinct from the other goods, would not vitiate the sale of the other articles under any aspect of the case. *Boyd* v. *Eaton*, 44 Maine, 51.

It is very questionable whether the case, as carried up, presents anything for the consideration of the court, excepting the single fact whether upon the evidence received the justice presiding was justified in directing a verdict. The exceptions certified to by the court are clearly only to the ruling of the justice directing a verdict.

*Peregrine White*, for defendants.

SITTING: PETERS, C. J., EMERY, HASKELL, WISWELL, SAVAGE, FOGLER, JJ.

WISWELL, J. On November 2, 1896, one Stewart sold to the defendants, by a written bill of sale, the furniture and trade fixtures of a restaurant in Bangor for the consideration of $1100, of which $600 was paid in cash and the balance by the defendants' notes, secured by a bill of sale, outright in form but intended as a mortgage, of the same articles. Upon the same day the mortgagee transferred the notes and assigned the mortgage to the plaintiffs in

payment of indebtedness of about the same amount, of which indebtedness $100 was for borrowed money and the balance for intoxicating liquors previously sold by the plaintiffs to Stewart, the mortgagee.

At the trial of the action, replevin for the articles named in the mortgage, the defendants made two objections to its maintenance: first, that as the transfer and assignment of the notes and mortgage to the plaintiffs were in payment of an indebtedness for intoxicating liquors in part, it gave no title to the plaintiffs; second, that the original transaction between Stewart and the defendants included the sale of intoxicating liquors and that the notes, for a portion of the consideration, were in part for intoxicating liquors; and consequently that both the notes and the mortgage given to secure them were void in the hands of the plaintiffs who had knowledge of the illegality of the transaction. After the evidence upon both sides had been closed the presiding justice ordered a verdict for the plaintiffs; the case comes here upon exceptions to that direction.

I.   It is apparent that there is no merit in the first point made in the defense.   While the statute makes a claim, demand or promissory note given for intoxicating liquors uncollectible, except in the case of a note in the hands of a holder for a valuable consideration and without notice of the illegality of the contract, it does not forbid the payment of such indebtedness.   A debtor may pay indebtedness of that character either in money or by the transfer of any property or chose in action.   Certainly, one who has given his note for a legal and valuable consideration can not avoid payment because the payee has transferred it in payment of a debt which the law would not have compelled him to pay.

II.   Both in the bill of sale to the defendants and the mortgage back, intoxicating liquors were expressly excepted, but it was claimed by the defendants at the trial that, as a matter of fact, the sale to the defendants included not only the furniture and fixtures of the restaurant, but as well, the intoxicating liquors at the time in the restaurant and that the consideration for the whole, liquors

included, was the entire sum of $1100. If this is true, the notes given back for a portion of the purchase price were in part for intoxicating liquors, sold in violation of the laws of the state, and by R. S., c. 27, § 56, could not be enforced by the plaintiffs if they had knowledge of the original transaction.

It is clear that if Stewart sold to the defendants a quantity of intoxicating liquors, together with various other things, for one entire purchase price and notes were given back for a portion of the same, such notes would be uncollectible by the payee or by an indorsee with notice; and it is undoubtedly competent, when such a defense is interposed, to show the real transaction to the extent even of contradicting the written evidence of sale.

The rule which forbids the introduction of parol evidence to contradict, add to or vary a written instrument does not extend to evidence offered to show that the contract was made in furtherance of objects forbidden by statute, by common law or by the general policy of the law. *Martin* v. *Clarke*, 8 R. I. 389; *Friend* v. *Miller*, 52 Kan. 139; *Sherman* v. *Wilder*, 106 Mass. 537; 1 Greenleaf on Evidence, § 284.

In the present case many questions asked by defendants' counsel for the purpose of showing what,—as they claimed,—the whole transaction was, were excluded, and although exceptions were noted at the time, no exception was subsequently taken to such rulings; so that the only question presented by the bill of exceptions is, whether enough evidence appears in the record, in support of the defendants' position to have entitled them to go to the jury upon that issue. We think there does.

It appears from the testimony on the part of the defendants that there were liquors in the restaurant at the time and just before the sale, that before the sale the defendants took an account of these liquors, that after the sale to them the defendants took possession of the stock including the liquors that were in the restaurant before and at the time of the sale; that after the papers were drawn and upon their being read to the parties before their execution when all of the parties were present, the question was asked by one of the purchasers, "if the mortgage and bill of sale carried every-

thing, liquors and all?" and that reply was made that "everything went including intoxicating liquors for $1100."

It is true, that the plaintiffs deny this and claim that no part of the consideration for the notes and mortgage was intoxicating liquors, that such liquors were, not only in form but in fact, excluded from the transaction; but this controversy raised a question of fact; the defendants were entitled to show the entire transaction and sufficient evidence was introduced to have entitled them to have the jury pass upon this issue. There was also evidence that the plaintiffs had knowledge of the original transaction. The ruling of the court at nisi prius, in directing a verdict for the plaintiffs, was consequently erroneous.

*Exceptions sustained.*