## Musselman et al. *v.* Hays.

[No. 3,535.    Filed February 18, 1902.]

BILLS AND NOTES.—*Assignment.—Consideration.*—An answer in an action on a promissory note by the indorsee that plaintiff gave no consideration for the assignment of the note to him is demurrable. *p. 361.*

PLEADING.—*Demurrer.—Harmless Error.*—No error was committed in sustaining a demurrer to certain paragraphs of answer, where any evidence admissible thereunder was admissible under the remaining answers. *p. 361.*

From Knox Circuit Court; *B. M. Willoughby*, Special Judge.

Action by Alexander D. Hays against Albert Musselman and others on a promissory note. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*T. Van Buskirk* and *W. L. Slinkard*, for appellants.

*F. B. Posey, D. Q. Chappell, W. L. Cavens, E. E. Henderson* and *J. S. Pritchett*, for appellee.

ROBY, J.—Suit on a note averred to have been made by appellants to Belle Musselman and indorsed to appellee by her. The appellants jointly answered, (1) general denial; (3) want of consideration and payment, and (7) that the note was made concerning alimony in a prospective divorce proceeding between the payee and appellant, Albert, and, "that said note was never confirmed, sanctioned, or approved by any court or decreed as alimony." Appellant, Amos, filed a separate answer setting up the same facts contained in the seventh joint answer, and, in addition, that the parties afterward became reconciled and the payee agreed to surrender the note, but fraudulently pretended that she

had lost it; that afterward a divorce was obtained; that he signed the note as surety only; that the payee represented to him several times after the reconciliation between her and her husband that the note was lost.

The second paragraph of joint answer averred that the appellee gave no consideration for the assignment of the note to him. A demurrer was rightly sustained thereto. *Weaver* v. *Zollman,* 5 Ind. App. 485.

Demurrers were sustained to the fourth and sixth paragraphs of joint answer. There was no error in this, any evidence admissible thereunder being also admissible under the remaining answers. *Helmes* v. *State ex rel.,* 19 Ind. App. 360; *Larned* v. *Maloney,* 19 Ind. App. 199.

The court made a special finding of facts which show that the note in suit was executed November 13, 1894, and assigned to appellee January 4, 1896; that it was payable twelve months after its date, and was for $200, with six per cent. interest and attorney's fees; that on November 19, 1895, $25 was paid thereon and that the residue is due and unpaid; that at the time of its execution, the payee, and Albert Musselman were husband and wife; that said Albert was the owner of real estate of the value of $900, which he was selling to appellant Amos, his brother, and in order to procure said Belle Musselman to join in the conveyance, the note was executed to her and in consideration thereof she joined in such conveyance; that said persons have since been divorced; that there is due on the note $286.55. Upon these facts the conclusion of law stated was that the appellee should recover such sum and his costs. The evidence is in the record and supports the finding.

The merits of the cause appear to have been fairly tried and determined. §670 Burns 1901.

Judgment affirmed.