[No. 5102.]
[No. 2680 C. A.]

HICKEY, ADMINISTRATOR, v. THE ANHEUSER-BUSCH BREWING ASSOCIATION.

</div>

1.  **Judgments—Estoppel.**

In order to constitute an estoppel by judgment, the same identical matter must have been in issue in the former suit, and the precise fact determined by the former judgment.—P. 389.

2.  **Judgments—Res Adjudicata—Findings.**

Plaintiff brought an action on April 3rd, 1900, to recover a debt and to foreclose a deed of trust securing it. Pending this suit the debtor died, and the administrator appointed was substituted as defendant. On September 26th, 1900, plaintiff filed a petition in the probate court alleging the pendency of a foreclosure proceeding, setting up a copy of the note sued on, praying the allowance of the same, and that plaintiff be permitted to proceed with the foreclosure. On November 19 of the same year judgment was rendered in the probate court that "more than six years had intervened between the date the cause of action presented by plaintiff arose and the time set for a hearing of said claim," and the claim was disallowed and no appeal was taken therefrom. Held, that such judgment to the effect

that the note in question was not provable against the estate because barred by the statute of limitations at the time of such hearing, is in no sense a finding that it was barred on the 3rd day of April, 1900, the date this action was commenced.—P. 389.

3. Pleading—New Matter—Reply.

Where new matter pleaded in an answer does not constitute a defense to the cause of action alleged in the complaint, a reply is unnecessary.—P. 389.

4. Appellate Practice—Objection not Raised Below.

Where a motion for a judgment on the pleadings was orally made by plaintiff in the presence of defendant's counsel on the denial of the latter's motion for a similar judgment, and defendant's counsel made no objection to the hearing of such motion, upon the ground that no written notice had been served upon him as required by § 372 of the civil code, and he did not call the matter to the timely attention of the trial court. Held, that he is now estopped from raising such question on appeal.—P. 390.

*Appeal from the District Court of Pueblo County. Hon. N. Walter Dixon, Judge.*

Action by Anheuser-Busch Brewing Association against Victor de Carli and Max Schwer, revived after the death of de Carli in the name of Philip J. Hickey, as administrator. From a judgment for plaintiff, defendant appeals.      *Affirmed.*

Mr. ALBERT MURRAY (Mr. Calvin E. Reed of counsel), for appellant.

Mr. JOHN R. DIXON, for appellee.

On April 3, 1900, the appellee commenced this action against Victor de Carli and Max Schwer to recover the sum of $1000 and interest upon a promissory note dated April 3, 1893, payable twelve months after date, signed by de Carli, and to foreclose a certain trust deed given by de Carli to Schwer, as trustee, to secure the payment of said note. Summons was issued and served on de Carli. On April 10, 1900, he died. On May 14, 1900, Phil J. Hickey, the appellant, was appointed administrator of his estate.

On November 30, 1900, the administrator was substituted as defendant. His demurrer to the complaint was overruled, and on March 6, 1901, he answered, admitting the execution of the note and trust deed by his intestate, and alleged as a special defense that on the 22d day of September, 1900, the appellee presented to the probate court of the county of Pueblo a petition setting forth the pendency of the foreclosure proceeding in the district court, a copy of the note sued on therein, and asking for an allowance of the same and that it be authorized to proceed with such foreclosure; that on the 19th day of November, 1900, a judgment was rendered in the probate court in which it was found that "more than six years had intervened between the date the cause of action presented by the claimant arose and the time set for the hearing of said claim" and the claim was disallowed; that no appeal was taken from this judgment.

Appellee filed its replication to this answer admitting the facts therein pleaded, alleging that the object of filing said claim was "for the ultimate purpose of enabling plaintiff to participate in the general estate of de Carli to the extent of any deficiency judgment which might be obtained" in the foreclosure suit, and averring that at the time of said hearing the plaintiff exhibited to said county court the files in this action, and further averring "that the effect of said judgment rendered on matters occurring subsequent to the institution of this suit, and with full knowledge of this action, was not sufficient to, and did not oust this court of jurisdiction in this action, and is no bar to the prosecution of this action to a final judgment."

On the 30th day of July, 1901, appellant filed a motion for judgment on the pleadings, and afterwards, and on the 9th day of November, the court

overruled this motion and, on motion of appellee's counsel, rendered a judgment and decree in its favor. From this judgment this appeal is prosecuted.

Mr. JUSTICE GODDARD delivered the opinion of the court:

1.   Counsel for appellant insist that the judgment of the county court disallowing the claim was *res adjudicata,* and barred the right to recover on the note in this action.   The finding of the court, as set forth in the answer, is: "That the court doth further find as a matter of fact that more than six years have intervened between the date the cause of action * * * arose and the time set for the hearing of said claim," and for this reason disallowed the claim.

In order to constitute an estoppel by judgment, the same identical matter must have been in issue in the former suit, and the precise fact determined by the former judgment.—*Allen v. Tritch,* 5 Colo. 222; *De Sollar v. Hanscome,* 158 U. S. 216.

The finding that the note in question was not provable against the estate of de Carli because barred by the statute of limitations at the time of the hearing in the county court, is in no sense a finding that it was barred on the 3d day of April, 1900, the date this action was commenced.   The judgment of the county court, therefore, constituted no bar to the enforcement of the note in this action, nor in any way precluded the district court from exercising its previously acquired jurisdiction in the foreclosure proceedings.

2.   It is unnecessary to consider the objection that the reply "does not deny the new matter set up in the answer," since no reply was necessary for the reason that the new matter, as we have seen, did not constitute a defense to the cause of action set forth in the complaint.

3. A further error relied on is that the court rendered judgment upon the oral motion of counsel for appellee without written notice of such motion. In support of this objection counsel rely upon section 272 of the civil code, which requires written notice of all motions "except those made during the progress of a trial." The record discloses that counsel for appellant filed a written motion for judgment on the pleadings, which, after argument by respective counsel, was overruled. Upon the overruling of this motion, counsel for appellee asked for judgment. This was done in the presence of counsel for the appellant, and upon the close of the argument on the former motion. The counsel for appellant being present in court and asking for judgment in his favor upon the pleadings, and making no objection to the hearing of a similar motion by opposing counsel upon the ground that no written notice had been served, we think should be held to have waived the service of such notice, and he will not now be permitted to avail himself of an error (if it be such) that could have been avoided by calling the matter to the timely attention of the trial court.

For the foregoing reasons the judgment is affirmed.

                                                *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE BAILEY concur.