# OWENS v. FARMERS' & MERCHANTS' BANK OF DUKE.

No. 5090.    Opinion Filed January 4, 1916.

(154 Pac. 355.)

1.   **PLEADING—Reply—New Matter in Answer.** New matter in an answer, which does not constitute a defense, does not require a reply.

2.   **PLEADING—Answer—Reply—Judgment on Pleadings.** An allegation in an answer that the plaintiff, in an action by an assignee upon a promissory note, did not pay the defendant or any one else anything for the note, does not constitute a defense if true, and judgment on the pleadings should not be granted on the ground that no reply was filed.

(Syllabus by Hatchett, C.)

*Error from District Court, Osage County;*

*R. H. Hudson, Judge.*

Action by the Farmers' & Merchants' Bank of Duke against J. A. Owens. Judgment for plaintiff, and defendant brings error. Affirmed.

*Robert S. Stuart,* for plaintiff in error.

*Jos. D. Mitchell* and *Robinson & Hamilton,* for defendant in error.

Opinion by HATCHETT, C. The Farmers' & Merchants' Bank of Duke brought this suit in the district court of Osage county against J. A. Owens, upon a promissory note executed by the defendant, Owens, to the Duke State Bank of Duke, alleging that after the execution of said note the Duke State Bank sold, assigned, and transferred the same to the plaintiff. The defendant answered as follows, omitting the caption:

"Comes now the defendant, J. A. Owens, and in answer to petition of plaintiff filed herein, alleges and states that the defendant denies each and every allegation contained in the plaintiff's petition except such as are hereinafter admitted. The defendant admits that he executed the note sued upon and set forth in plaintiff's petition.

"The defendant denies that the plaintiff is the legal holder and owner of said note, or that the same was ever legally transferred or assigned to said plaintiff.

"*For a further defense the defendant alleges that the plaintiff paid nothing for said note, and that no consideration whatsoever passed from the plaintiff for said note to this defendant or any other party.* (Italics ours.)

"Wherefore, the defendant having fully answered prays that the plaintiff take nothing by this action, and that the defendant be dismissed, hence with the costs herein expended."

The cause thereafter came on for trial, and the defendant, Owens, moved for judgment on the pleadings for the reason that no reply had been filed by the plaintiff to the answer. The court overruled the motion for judgment on the pleadings, proceeded with the trial, and judgment was rendered for the plaintiff, and the defendant appealed.

The only question presented is whether or not a reply was necessary to the answer filed. The plaintiff in error contends that the following paragraph of his answer:

"For a further defense the defendant alleges that the plaintiff paid nothing for said note, and that no consideration whatsoever passed from the plaintiff for said note to this defendant or any other party"

—was new matter and required a reply, else it should have been taken as confessed, and judgment entered for him in the trial court.

It will be noticed that this is not a plea of want of consideration when the note was executed by the defendant, Owens, to the Duke State Bank, but it is a plea that the plaintiff, the Farmers' & Merchants' Bank of Duke, paid nothing for the said note either to the defendant or any other person.

Section 4779, Rev. Laws 1910, is as follows:

"Every material allegation of the petition, not controverted by the answer, and every material allegation of new matter in the answer, not controverted by the reply, shall, for the purpose of the action, be taken as true. * * * *"

But where the new matter alleged in the answer does not constitute a defense to the action, then it does not require a reply. *West v. Cameron,* 39 Kan. 736, 18 Pac. 894; *Hickey v. Anheuser-Busch Brewing Ass'n,* 36 Colo. 386, 85 Pac. 838.

So, if the above-quoted paragraph of the defendant's answer did not constitute a defense to the action, then no reply was necessary. The said paragraph amounts to an allegation that the plaintiff did not pay anything for the assignment of the note from the Duke State Bank to it. If this were a suit between the two banks upon the assignment, then the question of consideration might be material; but it is a suit between the assignee and the maker of the note, and so far as the latter is concerned, it is not material whether the plaintiff paid anything for the note or not, just so the plaintiff was the legal owner and holder thereof. *Geisreiter et al. v. Sevier,* 33 Ark. 522; *Shane et al. v. Lowry,* 48 Ind. 205; *Musselman et al. v. Hays,* 28 Ind. App. 360, 62 N. E. 1022; *Gould v. Leavitt,* 92 Me. 416, 43 Atl. 17.

Owens v. Farmers' & Merchants' Bank of Duke.

So, admitting the truth of the paragraph of the answer in question, that the plaintiff did not pay anything for the said note, that would not have constituted a defense, and therefore it was not necessary for the plaintiff to file a reply thereto.

We conclude, therefore, that the action of the trial court in overruling the motion of defendant for judgment on the pleadings was correct, and recommend that the judgment be affirmed.

By the Court: It is so ordered.