Coös, } 
Jan. 5, 1926. }

## BERT LYMAN v. GEORGE W. KIMBALL.

The rule which forbids the introduction of parol evidence to contradict, add to or vary a written instrument does not prevent the introduction of evidence that the contract was made in furtherance of objects forbidden by statute, by common law, or by the general policy of the law.

One with whom money has been deposited by a third party, having given a receipt obligating himself unconditionally to pay it over to the plaintiff at a specified time, may show in defense to an action by the plaintiff based on failure to make payment as agreed in the receipt, that it was to be paid only on performance of an illegal agreement between such third party and the plaintiff, of which the defendant was ignorant when he gave the receipt.

CASE, to recover two thousand dollars in money deposited with the defendant upon a written receipt. Transferred by *Young*, J., upon the plaintiff's exception to an order of nonsuit entered at the close of his evidence.

One Dupont offered the plaintiff two thousand dollars if he would locate six hundred gallons of alcohol which had been stolen from him. The plaintiff located the alcohol at Stark, whereupon Dupont refused to make payment "until the stuff was in Berlin" ten miles away. It was then arranged that pending the transfer of the alcohol the money should be left in the safe of the defendant. On the evening of April 1 the plaintiff sent his agent with Dupont to the defendant's store, where Dupont passed to the defendant a roll of uncounted currency which the latter placed in his safe, signing and delivering to the plaintiff's agent a receipt, drawn by Dupont, which reads as follows, viz., "April 1st 1924, Received of Bert Lyman $2000 being a sum of money deposited to me by Oscar A. Dupont to be delivered April 2, 12 o'clock noon, $2000." It was the agent's understanding that the money deposited was Dupont's, to be delivered to the plaintiff at the time specified. The plaintiff thereafter helped Dupont take the alcohol to Berlin. At the trial

he denied that such assistance was a part of his contract with Dupont. Upon the presentation of the receipt and demand for the money by the agent at 12:15 on April 2 the defendant refused to deliver the money to him. When the plaintiff presented the receipt to the defendant in person on April 3 the latter stated to him that he had been compelled to open the safe by a sheriff, who had taken the money. The sheriff denied taking the money but admitted that, accompanied by Dupont's attorney, he had visited the defendant on the day in question and had made an attachment of other personal property upon a writ purchased by Dupont against the defendant to secure an *ad damnum* of two thousand dollars. It seems to be conceded that the two thousand dollars in currency has in some way come to the possession of Dupont.

*Fred W. Baker* (by brief and orally), for the plaintiff.

*Shurtleff, Oakes & Hinkley* (*Mr. Oakes* orally), for the defendant.

Snow, J. The plaintiff bases his right of recovery upon the terms of the receipt which he sets up as a binding contract of bailment independent of any antecedent contract between him and Dupont. The defendant, on the other hand, in support of the order of nonsuit, relies in argument upon an unexpressed condition of the bailment, disclosed by the plaintiff's evidence, which involved the performance of an act forbidden by law.

The rule which forbids the introduction of parol evidence to contradict, add to or vary a written instrument does not extend to evidence offered to show that the contract was made in furtherance of objects forbidden by statute, by common law or by the general policy of the law. *Gould* v. *Leavitt*, 92 Me. 416; *Friend* v. *Miller*, 52 Kan. 139; *Wheeler* v. *Exchange*, 72 N. H. 315, 319; 1 Gr. Ev., s. 284. The rule will not prevent a court, either of law or of equity, from looking through all disguises in order to detect fraud or illegality, and inquiring into the true nature of the transaction and the intent of the parties. *Ib.; Martin* v. *Clarke*, 8 R. I. 389; *Collins* v. *Boynton*, 2 Wils. 341, 350, 352; 1 Smith's L. C. 154, 168. Where it appears that the agreement, its true character being understood, is offensive to law or violative of public policy, the form of the agreement, and the expressions embodied in the writing to which it was reduced, are only matters of evidence, not operating an estoppel upon the parties, and not embarrassing or hindering the court. *Robertson* v. *Robinson*, 65 Ala. 610. Where the illegality of a contract

is relied upon as a defense the court will go behind the apparently valid written instrument and deal with the transaction on its merits. Jones, Evidence (1896 ed.), s. 441. It is generally held that even though the defendant does not set up the defense of illegality of the contract sued on, but such illegality appears from the case as made by either the plaintiff or the defendant, it becomes the duty of the court *sua sponte* to refuse to entertain the action. 6 R. C. L., s. 215.

It appears upon the plaintiff's evidence that by the contract between the plaintiff and Dupont, as finally modified, the latter was to pay the former two thousand dollars contingent upon the successful transportation of six hundred gallons of alcohol from Stark to Berlin. Such transportation was in violation of Laws 1917, c. 147, as amended by Laws 1919, c. 99. It is immaterial whether or not the plaintiff's trip to Berlin with the alcohol was pursuant to an unexpressed provision of the agreement that he should assist in the illegal conveyance; the fact that the transportation, by whatever means accomplished, was an essential condition or part of the agreement is sufficient to taint the contract with illegality.

It was part of the arrangement between the plaintiff and Dupont that, unless the illegal transfer of the alcohol should be successfully accomplished, the plaintiff's right to receive two thousand dollars should never accrue. The deposit was made to secure Dupont's contingent obligation under this arrangement. It was the intention of the plaintiff and Dupont that the deposit should be held by the defendant subject to the contingency and that the plaintiff's interest therein should arise only upon the happening of the event. The plaintiff's evidence admits of no other inference. Manifestly, therefore, the receipt signed by the defendant did not embody all the terms of the depository agreement. The stipulation that the money should be paid to the plaintiff only upon the successful accomplishment of a breach of the law was omitted. Under the principles hereinbefore recited this provision of the contract can be established by evidence *aliunde* the receipt. The plaintiff's case supplied conclusive proof thereof.

But it is suggested that the case discloses no evidence that the defendant was informed of, or knew, what the purpose or occasion was for making the deposit or what relations existed between the plaintiff and Dupont. It is reasoned from this that, as respects the obligation of the defendant to account to the plaintiff, the deposit was unconditional. The answer to this argument is that the defendant was a mere stake holder. He held the deposit subject to the

agreement upon which it was deposited. If the terms of the deposit signed by him did not conform to the true agreement it was subject to be amended according to the truth. Although the conditional character of the deposit was neither disclosed to him nor expressed in his receipt, he would not have been at liberty to disregard the condition upon notice thereof from either of the parties to the deposit. Had the parties informed him of the omitted condition he would have been bound by it. *Manahan* v. *Noyes*, 52 N. H. 232, 238. In other words, the ignorance of the defendant as to the terms of the true contract on which the parties to the deposit intended to invest him with authority and responsibility over the deposit does not bar the introduction of evidence, otherwise admissible, of such terms, whenever the intention of the parties to the deposit comes in issue. Least of all can the plaintiff be heard to object to the proof of the true contract on the ground of the defendant's ignorance of it.

As the plaintiff's title to the deposit conclusively appears to have been conditional he can recover only upon proof that the condition has been performed. Recovery cannot be had in this class of cases if the plaintiff requires any aid from the illegal transaction to establish his right. This is the test laid down in all the cases. *Roby* v. *West*, 4 N. H. 285, 290; *Pray* v. *Burbank*, 10 N. H. 377, 379; *Hall* v. *Costello*, 48 N. H. 176, 180; 6 R. C. L. s. 217. It follows that the defendant's motion for a nonsuit was properly granted.

The case of *Portsmouth Brewing Co.* v. *Mudge*, 68 N. H. 462, relied upon by the plaintiff, is distinguishable from the case here in that the illegal business there set up in defense was past and completed before the written agreement sued on was made, and the plaintiff required no aid from such business in proof of its case; whereas here the plaintiff's title to the property for which he seeks recovery was made contingent upon the subsequent performance of an illegal act the proof of which becomes essential to recovery.

*Exceptions overruled: judgment for the defendant.*

All concurred.

## MEMORANDUM

On the thirty-first day of December, 1925, Mr. OLIVER WINSLOW BRANCH was appointed an associate justice of this court, to fill the vacancy occasioned by the death of Mr. Justice PLUMMER, and took his seat upon the bench at the January session, 1926.