JAMES B. HAYNES, Respondent, v. JAMES H. RUDD, Appellant.

Although duress and undue influence was employed in procuring a contract for the payment of money and influenced the giving of it, and the party so executing it has been compelled to pay money on account thereof, he may not maintain an action to recover the same where the consideration of the contract arises upon or is any way affected by the compounding of a felony. The parties in such case are, notwithstanding the duress, *in pari delicto*, and neither is entitled to relief from the courts.

In an action to recover back moneys paid by plaintiff in payment of a promissory note given by him to defendant and transferred to a *bona fide* holder before maturity, the complaint alleged that the note was given to compound a supposed felony, *i. e.*, a claim made by defendant that plaintiff's son had stolen money from him, and that the note was extorted by threats of public charges against the son. After the court had charged in substance, that if the note was given simply to compound a felony plaintiff could not recover, he was requested but refused to charge " that if the compounding of a felony entered into and formed a part of the consideration of the note the plaintiff could not recover ;" also, " that if the motive of the plaintiff in giving the note was in part for the purpose of compounding a felony, he would not be entitled to recover. *Held* error.

*Dunham* v. *Griswold* (22 Week. Dig. 196) ; *Turley* v. *Edwards* (1 Week. Rep. 450) ; *Foley* v. *Green* (21 C. L. J. 175) ; *Williams* v. *Bayley* (35 L. J. Ch. 717), distinguished.

(Submitted April 16, 1886 ; decided June 1, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made the second Tuesday of June, 1883, which affirmed a judgment in favor of plaintiff entered upon a verdict. (Reported below, 30 Hun, 237.)

The nature of the action and the material facts are stated in the opinion.

The case is reported on a former appeal in 83 N. Y. 253.

*T. W. Collins* for appellant. There must be some fraud or falsity in statements to constitute duress *per minas*. (*Farmer* v. *Walter*, 2 Edw. Ch. 601 ; *Smith* v. *Rowley*, 66 Barb. 502 ; *Vosburg* v. *Brewster*, 5 Alb. L. J. 198 ; *L. M. Ins. Co.* v. *Meeker*, 85 N. Y. 614.) Threatening to prosecute in a lawful

way for an offense actually committed does not constitute
duress. ( *Vosburg* v. *Brewster*, 5 Alb. L. J. 198; *Knapp* v.
*Hyde*, 60 Barb. 80; *Burnham* v. *Douglass*, 10 Weekly Dig.
557.) If the defendant had actually executed the threat to
prosecute the son he would have committed no wrong against
any one; and whatever wrong can be attributed to defendant,
if any, is that he agreed not to prosecute plaintiff's son. (*Lord*
v. *Lindsay*, 9 Weekly Dig. 70.) No case holds that threats
of a lawful imprisonment or prosecution constitute duress or
undue influence. (*Rexford* v. *Rexford*, 7 Lans. 6; *Lord* v.
*Lindsay*, 18 Hun, 484; *Harmon* v. *Harmon*, 61 Me. 227;
*Eadie* v. *Slimmon*, 26 N. Y. 9; *Foshay* v. *Ferguson*, 5 Hill,
154; *Osborne* v. *Robbins*, 36 N. Y. 365; *Vosburg* v. *Brew-
ster*, 5 Alb. L. J. 198; 1 Bouv. Law Dict. 514; *Smith* v.
*Rowley*, 66 Barb. 502; *M. L. Ins. Co.* v. *Meeker*, 85 N. Y.
614; 6 Mass. 506.) Both parties were " *in pari delicto* " and
cannot recover against each other. (*Darmouth* v. *Bennett*,
15 Barb. 541; *Solinger* v. *Earle*, 82 N. Y. 393; *Condeman* v.
*Hicks*, 3 Lans. 108.) A party who gives a note for the express
purpose of compounding a felony is a *particeps criminis.*
(*Sharp* v. *Wright*, 35 Barb. 236; *Solinger* v. *Earle*, 82 N.
Y. 393; *Haynes* v. *Rudd*, 83 id. 25.) The court erred in re-
fusing to charge the jury that if the plaintiff's motive in part
in giving the note was to compound a felony he could not re-
cover. (*Sanderson* v. *Goodrich*, 46 Barb. 616.)

*W. R. Mason* for respondent. The parties to this action
did not stand *in pari delicto;* the defendant took undue ad-
vantage of the plaintiff and his wife, advantage of the circum-
stances in which the plaintiff stood, surrounded as he was by
his family; this operated as duress and undue influence to coerce
and as the jury has found did coerce the plaintiff's will, and
destroyed the equality between the parties, and induced the
plaintiff to give the note in question. (*Dunham* v. *Griswold*,
1 Ch. R. 305; 22 Weekly Dig. 296; *Turley* v. *Edwards*, 1
West. Rep'r, 450; *Foley* v. *Green*, 21 Cent. L. J. 175; 1 West.
Rep'r, 12, 450; *Williams* v. *Bayley*, 35 L. J. Ch. 717; Story's

Eq. Jur., §§ 239, 300, 302; *Foshay* v. *Ferguson*, 5 Hill, 154; *Eadie* v. *Slimmon*, 26 N. Y. 9; *Osborne* v. *Robbins*, 36 id. 365; *Solinger* v. *Earle*, 82 id. 397; *Haynes* v. *Rudd*, 83 id. 253; *Ingersoll* v. *Roe*, 65 Barb. 346; *Schoener* v. *Lessane*, 36 Hun, 100; *Burke* v. *Brown*, 49 Ind. 573; *Richards* v. *Vanderpool*, 1 Daly, 71.) The rule in regard to duress and undue influence allows the father to plead the duress of a child, or a husband the duress of a wife, or a child the duress of a parent. (*Harris* v. *Cormody*, 24 Alb. L. J. 436; 131 Mass. 51; 82 N. Y. 399; 26 id. 9.) The court is not called upon to adopt the language of counsel in his charge if he has fully covered the proposition of law in his own language as requested. (*Morehouse* v. *Yeager*, 71 N. Y. 594.)

MILLER, J. The plaintiff seeks to recover in this action the amount of a promissory note given by him upon the settlement of a claim by defendant, that plaintiff's son, who was in defendant's employ, had, at different times, stolen his money.

The complaint alleged that the note was given in order to compound and settle a supposed felony or misdemeanor, and that the said note was extorted from the plaintiff and his wife by threats of public charges against the character of their son, and that the note was executed in fear of the same. It was transferred by plaintiff before maturity to a *bona fide* holder, and plaintiff paid it.

On a former appeal to this court in this action, it was held that where a person has voluntarily, *i. e.* without the coercion of force or threats, given his promissory note to compound a crime, and has been compelled to pay the same, it having been transferred to a *bona fide* holder for value before maturity, he cannot maintain an action against the one to whom the note was so given to recover back the moneys paid.

In the opinion of the court by FOLGER, Ch. J., the rule is laid down that if there was simply a compounding of felony, both plaintiff and defendant, on an equality, agreeing that the plaintiff should give his written promise to the defendant, and that, therefore, the defendant should give his oral promise to

conceal the felony and abstain from prosecuting it, and withhold the evidence of it, then they were *in pari delicto,* and the law will leave them where it finds them, and it is said that " to give the plaintiff any claim to recover, he must show that he was in such plight from the force or threats of the defendant as that he was in duress, and gave the note without being willing to, to escape from the predicament in which that force or those threats put him."

Upon the last trial, which is the subject of review on this appeal, the case appears to have been presented by the plaintiff on the theory that threats were used, and duress and undue influence exercised by the defendant upon the plaintiff and his wife, by means of which the note was obtained, independent of the question whether the note was executed for the purpose of compounding a felony, and that thus a case was established against the defendant.

The plaintiff in this action insists that the facts establish that the parties did not stand *in pari delicto;* that the defendant took undue advantage of the plaintiff and his wife, of the circumstances in which the plaintiff stood, surrounded as he was by his family ; that this operated as duress and undue influence to coerce, and, as the jury found, did coerce the plaintiff's will and destroyed the equality between the parties and induced the plaintiff to give the note in question.

In none of the cases cited by the respondent's counsel to sustain the position contended for was the precise point presented whether the parties stood *in pari delicto* when the compounding of a felony entered into and constituted part of the consideration of the contract, and they, therefore, are not decisive of the question. (*Dunham* v. *Griswold,* 22 Week. Dig. 296 ; *Turley* v. *Edwards,* 1 West. Rep'r, 450 ; *Foley* v. *Green,* 21 Cent. L. J. 175 ; *Williams* v. *Bayley,* 35 L. J. Ch. 717.)

Whether the parties stood *in pari delicto* depends upon the fact whether the evidence proved that the note in question was given for compounding a felony. If the testimony established that such was the case, then both parties must be regarded as equally in fault, and the court will not lend its aid to either in

enforcing a contract of such a character because it is illegal and void. While fraud, duress and undue influence employed in procuring a contract for the payment of money may vitiate and destroy the obligation created, and render it of no effect, and the party who has been compelled to pay money on account thereof may maintain an action to recover the same, such a right does not exist and cannot be enforced where the consideration of the contract, thus made, arises entirely upon or is in any way affected by the compounding of a felony. When this element enters into the contract, it becomes tainted with a corrupt consideration and cannot be enforced. The correctness of this rule was recognized by the trial judge in his charge to the jury. He charged, among other things, as follows : " Was the note a legal contract or an illegal contract ? It was an illegal contract and void between the parties if it was given upon an agreement to suppress the evidence of a crime alleged to have been committed equally as if it were given upon an agreement to suppress the evidence or refrain from prosecuting a crime which had been in fact committed." He also charged, " If he impressed upon the plaintiff the idea that he would thus refrain and would conceal the crime if he would give the note, but that he would not refrain if he did not give the note, it was an illegal contract." He further charged upon being requested that if the note was given simply to compound a felony, the plaintiff could not recover. So far the charge of the judge was entirely correct, and the case was properly presented to the jury in this respect.

The judge, however, was requested to charge as follows: " That if the compounding of a felony entered into and formed a part of the consideration of the note, the plaintiff could not recover." And also, " that if the motive of the plaintiff in giving the note was in part for the purpose of compounding a felony, he would not be entitled to recover."

Both of these requests were refused and exceptions taken to the rulings of the judge. We think there was error in each of the refusals. Within the rule already laid down, if the consideration of the note was in any way affected by the compounding of a felony, or it entered into the same, or such a motive

actuated the plaintiff in any respect, then the contract was illegal, and should not be upheld. In such a case the contract was vicious and corrupt, and in violation of law as much as if compounding a felony had been the entire consideration. The element of illegality constituted a part of the contract, thus vitiating the whole, and it could not be rejected because duress, undue influence or threats were also blended with it.

It cannot be said that these requests were covered by the charge which had already been made, for while such charge comprehended the principle that the note might be avoided if given for compounding a felony, the refusals to charge left it to be inferred that this element might constitute a portion of the consideration without affecting its validity. This was clearly wrong, and the defendant was entitled to the charge in accordance with the requests made, and the judge erred in refusing the same.

We cannot agree with the doctrine that if the plaintiff was influenced by the duress of the defendant, and at the same time both parties intended the compounding of a felony, that they were not *in pari delicto.* It is enough that the vice of compounding a felony was a part of the contract, operating upon the minds of both parties, and thus placing them upon an equality, to render the contract nugatory and of no effect.

For the errors of the judge in refusing to charge as requested, without considering the other questions raised, the judgment should be reversed and a new trial granted, with costs to abide the event.

All concur, except RUGER, Ch. J., not voting.

Judgment reversed.