Landon, J.
(dissenting) Although the plaintiff may have been under duress and coercion because of the arrest of her husband, and her fear that he would be taken to jail and be convicted of crime, yet if she paid the defendant the money to-compound the offense, and if that offense was a felony, she cannot recover. Haynes v. Rudd, 102 N. Y., 372; 2 N. Y. St. Rep., 45. The evidence shows that she knew there was an offense charged against her husband; she did not know the particulars of it; but whatever it was she paid her money to compound it, and thus voluntarily accepted the-effect of its true character upon her right to recover back her money.
The charge against her husband, as stated both in the-complaint of the defendant and the warrant issued by the justice was, that Cyrus Devoe, on or about the 12th day of December, 1886, at the town of Marbletown, “ did designedly and by false pretence, obtain from him (this defendant) the *730 sum of twenty-six dollars, by falsely and fraudulently stating and representing that he (Devoe) was authorized to demand and receive the same for and on behalf of George H. Davis (this defendant), with intent to cheat and defraud said Davis.”
Whatever may be thought of this statement as a pleading, it is a statement, substantially in the language of the statute, of the offense of obtaining money by false pretence. 2 R. S., m. p. 677, § 53. Such offense is a felony. The case of Fassett v. Smith (23 N. Y., 252) seems to hold otherwise, but in view of the emphatic dissent from its' conplusion in this respect, expressed in the case of People v. Lyon (99 N. Y , 210) it must be regarded as overruled.
The judgment of the county court must therefore be affirmed, with costs.