## DETWILER *v.* BAINBRIDGE GROCERY COMPANY.

1. The wrongful transfer of a negotiable note to a bona fide purchaser, thereby
  cutting off the maker's valid defense, gives rise to a cause of action for the
  damages resulting therefrom.
2. There being no allegation that the payee of the notes was insolvent, and no
  other ground for interlocutory relief being alleged, the petitioner had an
  adequate remedy at law, and the chancellor did not err in refusing the in-
  junction against the transfer of the notes not due, or the maintenance of
  the action on the notes then in suit.

Submitted April 6, — Decided  May 11, 1904.

Petition for injunction.   Before Judge Spence.   Decatur supe-
rior court.   February 3, 1904.

Mrs. Detwiler brought her equitable petition against the Bain-
bridge Grocery Company, alleging that her husband, who was
insolvent, was indebted to the defendant in an amount which

he was unable to pay; that he and the company entered into an agreement by which he was to sell his stock of goods to the company for the amount of his indebtedness; that the company should at once sell the property to her for the same amount and take her notes therefor, secured by real estate belonging to her; that this was a colorable scheme and device to make her assume the debt of her husband and to secure the same with her own property; that after the papers had been signed the husband remained in possession of the merchandise; that two of the purchase-money notes were paid by her husband; that four others are past due, and four more in the company's hands not yet due; that an attachment has been issued by the company against her, on the ground that she is a fraudulent debtor and is threatening to convey the stock for the purpose of hindering and delaying her creditors, the truth of which she denies; that the company has caused the attachment to be levied upon the stock of goods, and also claims that she is indebted to it on the eight unpaid notes.    There is no allegation that the company is insolvent.    She prays that the alleged sale of merchandise to her be rescinded and declared null and void; and that the company be enjoined from negotiating her unpaid notes, and be required to surrender all of the notes for cancellation.    At the hearing the material allegations in the petition were supported by affidavits of the plaintiff and her husband.    The company answered, and by affidavits of its representative denied that there was any fraudulent scheme or device, or any intent to have Mrs. Detwiler assume the debt of her husband; but averred on the contrary that she was anxious to purchase the stock, and requested the company to sell to her the merchandise formerly owned by her husband.    The judge denied the injunction, and Mrs. Detwiler excepted.

*Harrell & Hartsfield,* for plaintiff.

LAMAR, J.  Where one has a perfect defense to a negotiable note, he does not owe the sum represented thereby.    In spite of the written promise it is the mere equivalent of a piece of blank paper.    If it is fraudulently or improperly transferred to one who, because of a right granted to bona fide holders, may force the maker to pay what he does not owe, there is wrong followed by damage, which gives rise to a right of action.    Compare Civil Code,

§§ 3909, 3813, 4929.　It has therefore been repeatedly recognized that if one wrongfully transfers a negotiable note, under circumstances which cut off the maker from his defense, the latter would have a cause of action, the form of which would vary according to the circumstances of each case.　*Jones* v. *Crawford*, 107 *Ga.* 318. See note to 27 L. R. A. 523, *Wilcox* v. *Ryals*, 110 *Ga.* 287; *Zeigler* v. *Beasley*, 44 *Ga.* 56.　If, therefore, the petitioner is correct in her statement of the facts, she has an adequate remedy at law against a solvent defendant.　There is no allegation entitling her to the interposition of equity, and no facts charged or relief prayed based on the avoidance of a multiplicity of suits.

*Judgment affirmed.　All the Justices concur.*