### ROBERT JOURDAN

*v.*

### WALTER BURSTOW et al.

[Decided October 14th, 1909.]

1. An agreement to convey property in satisfaction of an embezzlement, in consideration of a promise not to prosecute for the crime, is illegal.

2. Where property is conveyed in satisfaction of an embezzlement which has been committed, in consideration of a promise not to prosecute before the time, such property cannot be recovered back.

*Mr. Henry Pomerehne,* for the complainant.

*Mr. Adrian Riker,* for the defendants.

STEVENS, V. C.

I have examined the authorities cited by complainant's counsel and such others as have been accessible, and I cannot find any precedent for a recovery such as is sought in this case. The decided weight of the evidence, so far as the facts are concerned, is with the defendants. It goes to sustain the charge of embezzlement and disproves the duress. The only question is the legal one: Whether a man who has actually conveyed property in satisfaction of an embezzlement, admitted to have been committed, can recover it back simply on the ground that the written agreement which he entered into with his employers to make restitution, contains a clause against prosecution. Such an agreement is plainly illegal, and its performance could not be compelled. But if actually performed the grantor suing to recover back his property stands in the same situation that the grantee would have stood in had he sued on the agreement. He is *in pari delicto* and the maxim is, *"in pari delicto, potior est conditio possidentis."* In the note to *Collins* v. *Blantern, 1 Sm. Lead. Cas. (6th Am. ed.) *507,* the rule is thus stated: "The

law will in general leave all who share in the guilt of an illegal or immoral transaction where it finds them and will neither lend its aid to enforce the contract while executory nor to rescind it and recover back the consideration when executed. The maxim *'nemo allegans suam turpitudinem audiendus'* applies in such cases with full force."

In *Meech* v. *Lee, 82 Mich. 274,* the case principally relied upon by complainant's counsel, and in *Williams* v. *Bayley, L. R. I. H. L. 200,* as well as in some other like cases, affirmative relief was indeed given, but those cases differ from that in hand in two important respects—*first,* the transaction was, in a certain sense, *in fieri.* The security had been given but the money had not been paid; *second,* the person asking relief was not the wrong-doer, under a legal and moral obligation to make restitution (*Smillie* v. *Smith, 32 N. J. Eq. (5 Stew.) 51*), but a third person who had, without any consideration moving to himself, and under an influence that was characterized as undue, undertaken the burden of the demand.

The case of *Haynes* v. *Rudd, 83 N. Y. 251,* reported again in *102 N. Y. 372,* is very much in point. In an action to recover back moneys paid by plaintiff in payment of a promissory note given by him to defendant and transferred to a *bona fide* holder before maturity, the complaint alleged that it was given to compound a claim made by defendant that plaintiff's son had stolen money from him and that it was extorted by threats of public charges against that son. The case coming up on exceptions to the judge's charge, it was held that there could be no recovery if the agreement to compound the felony was part of the contract; that the parties were *in pari delicto.* Here the doctrine of *par delictum* was applied as against a third person. *A fortiori* must it be applied as against the alleged embezzler himself.

*Watson* v. *Murray, 23 N. J. Eq. (8 C. E. Gr.) 257; Gregory* v. *Wilson, 36 N. J. Law (7 Vr.) 316,* are cases which, while they differ in their circumstances from the present, illustrate the doctrine that the courts of this state will not help the plaintiff to recover money where the recovery is sought upon the footing of an agreement contrary to public policy. The bill should be dismissed, with costs.