JOHN B. BALL et ux.

*v.*

NELLIE W. BALL et al.

[Argued July 7th, 1911. Decided November 20th, 1911.]

Parents, who make a conveyance to a creditor of their son under pressure of a threat to have the son criminally prosecuted, made in the honest belief that the son had subjected himself to such a prosecution, although the contrary was the fact, are entitled to have the conveyance set aside.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Emery, whose opinion is reported in *76 N. J. Eq. (6 Buch.) 8.*

*Messrs. Pitney, Hardin & Skinner,* for the appellants.

*Messrs. Riker & Riker,* for the respondents.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The bill in this case was filed to set aside two deeds of conveyance made by the complainants to Sidney S. Ward, the defendants' decedent, upon the ground that they were executed under duress exercised upon the grantors by Mr. Ward; the duress complained of consisting of threats of the immediate arrest and imprisonment of their son, Arthur D. Ball, for obtaining money from Mr. Ward under false representations.

We concur in the conclusion reached by the learned vice-chancellor that the complainants established by a fair preponderance of proof the validity of their claim that these conveyances were made as a result of the threat to have their son arrested, and for the purpose of preventing that threat from being carried into effect. The analysis of the testimony made by the vice-chancellor, and set out in his opinion, is complete and accurate, and leaves nothing to be added by us.

The vice-chancellor further concluded from the proofs submitted that the money advanced by Ward to the son of the complainants was not, in fact, obtained under false pretenses, although Mr. Ward probably believed that this was the case when he made the accusation to the complainants. We concur in this conclusion of the vice-chancellor, and for the reasons which he states in his opinion.

Having reached these conclusions upon the facts the vice-chancellor in his opinion then takes up the consideration of the question whether a conveyance made by parents to a creditor of their son, under the pressure of a threat to have the son criminally prosecuted, is valid, when it appears that the creditor honestly believed that the son had subjected himself to such a prosecution, although the contrary was the fact. He reaches the conclusion

that the grantors of a conveyance made under such conditions are entitled to have it set aside. We concur with him in this view.

In discussing this latter question, however, the learned vice-chancellor goes outside of the lines of the question, and the conclusion declared by him is broader than the decision of the case required. He thus states it: "In my judgment the equitable rule to be applied in this case is that it is against equity and good conscience for the creditor to extort from the parent payment or security for the debt of the son, for which the parent is not responsible, by threats of criminal prosecution of the son, even if imprisonment be lawful." The question whether a conveyance made by a parent to prevent the imprisonment of a child who has, in fact, been guilty of a criminal offence, may afterward be set aside at the option of the parent, is one upon which judicial views are not in harmony. It is not presented under the facts found by the vice-chancellor, and concurred in by us, and any expression of view upon the question by this court would, consequently, be *obiter.* For this reason we neither assent to, nor dissent from, what was said by the learned vice-chancellor upon this point.

The decree under review will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE—12.

*For reversal*—None.