WILLIAM KOEPKE and CATHERINE · KOEPKE v. JOHN PEPER, Appellant.

**Contracts:** ILLEGAL AGREEMENTS: ENFORCEMENT. The law will not lend its aid to the enforcement of an illegal contract in favor of either party as against the other, but will leave them where it finds them.

**Same:** TRANSFER OF ILLEGAL NOTE: RIGHTS OF MAKER. The payee of a note given in consideration of an illegal contract in which he participated is under no obligation to the maker to retain the same in his possession, and is not liable in tort to the maker who has been compelled to pay the same to a *bona fide* purchaser.

**Same.** A lessee who gave his note for the rent of premises used for an illegal purpose with the knowledge of both parties, and who was compelled to pay the note to a *bona fide* purchaser,

can not recover the amount from the lessor, because compelled to rely on the illegal instrument as an essential element of his cause of action.

*Appeal from Crawford District Court.*—HON. F. M. POWERS, Judge.

WEDNESDAY, JUNE 26, 1912.

ACTION to recover amount paid on judgment. Verdict was directed as prayed and judgment entered thereon. The defendant appeals.—*Reversed.*

*Flickinger Bros.* and *Harding & Kahler* for appellant.

*Crary & Crary,* and *Shaw, Sims & Kuehnle* for appellees.

LADD, J.—In March, 1907, John Peper leased to William Koepke lots thirteen, fourteen and fifteen in block five in Soldier for the term of five years beginning April 1st, following, at the rental of $60 per month. Both signed the lease, and Koepke and his wife executed to Peper their promissory note for the entire amount of rent, or $3,600, "payable $60.00 per month commencing with April 1, 1907," and stipulating that "a failure to pay either interest or principal within five days after the same becomes due shall cause the whole of this note to become due and collectible at once." After rent for twenty-five months had been paid, the building burned down, and, as the Koepkes failed to meet the subsequent payments, N. S. Sage and others, to whom the note had been transferred, declared the same due, and instituted suit thereon in the federal court, where judgment was entered against the makers and also Peper, who had guaranteed payment, but directing that execution should not be issued against him until the property of the

Koepkes had been exhausted. Koepke and his wife paid the judgment, and in this action seek to recover from Peper the amount so paid on the ground that, at the time of the renting of said premises to the plaintiffs, the defendant well knew that said premises during the time of said lease were to be used by the said William Koepke for the purpose of operating a saloon thereon and a place for the sale of intoxicating liquors as a beverage, in violation of the laws of the state of Iowa, and said Peper received said promissory note with like knowledge at the time. of its acceptance and delivery; that the said premises so rented to these plaintiff's consisted of three lots, each being twenty-five feet in width and one hundred and forty feet in length, and with a saloon building and outbuildings thereon, and were so used until destroyed by fire; that the note and the lease were illegal in Peper's hands and without consideration, and notwithstanding this, and with full knowledge thereof, he sold and transferred the same to N. S. Sage and others for value and without notice to them of the infirmaties; and that they recovered the judgment as recited, which plaintiffs were compelled to pay. The defendant denied that, in executing the lease, he was aware of what use plaintiffs intended to put the premises, but the record leaves no doubt but that he fully understood that Koepke intended to occupy them for the sale of intoxicating liquors and leased them for that purpose and so occupied them until the fire. At that time nor since was the mulct law operative in Monona county, so that both must have contemplated the illegal traffic in intoxicants as alleged in the petition.

In other words, the parties hereto participated in making the illegal contracts—the lease and note—that

1. CONTRACTS: illegal agreements: enforcement.

plaintiffs might violate the laws relating to the sale and keeping for sale intoxicating liquors, and the court is now asked to aid the latter in recovering money paid on said notes. Lord

Mansfield said, in *Holman v. Johnson*, Cowp. 341, that: "No court will lend its aid to a man who founds his cause of action upon an immoral or illegal act. If from the plaintiff's own stating or otherwise, the cause of action appears to arise *ex turpi causa,* on the transgression of a positive law of this country, then the court says he has no right to be assisted. It is upon that ground the court goes, not for the sake of the defendant, but because they will not lend their aid to such a plaintiff. So if the plaintiff and defendant were to change sides, and defendant was to bring his action against the plaintiff, the latter would then have the advantage of it; for, where both are equally in fault, *potior est conditio defendentis.*" And such has been the law since. It will not aid either party to an illegal contract to enforce it against the other, nor will it relieve a party to such a contract who has actually fulfilled it and who seeks to reclaim anything paid thereon. The law will leave the parties exactly where they stand, not that it prefers one to the other, but because it will not recognize a right of action founded on an illegal contract in favor of either party. *Steever v. Railway,* 62 Iowa, 371; *Pike v. King,* 16 Iowa, 49; *Dillon v. Palmer,* 46 Iowa, 299; *Allison v. Hess,* 28 Iowa, 388; *Dee v. Sears-Nattinger Automobile Co.,* 141 Iowa, 610; *Collins v. Collins,* 139 Iowa, 703. In no case will a plaintiff be permitted to recover when, in order to do so, it is necessary for him to prove his own illegal contract or act as a part of his cause of action or, when an essential element of his cause of action is his own violation of law. *Louisville, etc., Ry. Co. v. Buck,* 116 Ind. 566 (19 N. E. 453, 2 L. R. A. 520, 9 Am. St. Rep. 883); *Levy v. Spencer,* 18 Colo. 532 (33 Pac. 415, 36 Am. St. Rep. 303); *McGrath v. Merwin,* 112 Mass. 467 (17 Am. Rep. 119); *Holt v. Green,* 73 Pa. 198 (13 Am. Rep. 737); *Coppell v. Hall,* 7 Wall. 542, 558 (19 L. Ed. 244).

The appellees concede the law to be as stated, and its

applicability had the note not been negotiated to Sage and others, but say their cause of action is based upon the theory that Peper wrongfully negotiated the note, and by so doing created a cause of action against them, thereby committing a tort.

There must be some breach of duty to constitute a tort, and surely the payee of a note executed under the circumstances disclosed is under no legal obligation to the makers to retain it in his possession. They must be assumed to have known that he might and likely would negotiate it to innocent purchasers, and, having defied the law in entering into the contract, they are not in a situation to have their complaint heard when compelled through such a transfer to do precisely what they have voluntarily agreed upon. *Haynes v. Rudd*, 102 N. Y. 372 (7 N. E. 287, 55 Am. Rep. 815), is squarely in point. Had the payee agreed to retain the paper, the courts would no more have undertaken to enforce his contract than it would the maker's promise to pay.

2. SAME: transfer of illegal note: rights of maker.

Moreover, to compel restoration of the amount paid to Sage and others, plaintiffs necessarily must rely on the illegality of the note as an essential element in their cause of action, and, as seen, this is not permissible under the law as universally recognized. The case on this ground is readily distinguishable from those where the proof of violation of some statute appears incidentally and is not the efficient or proximate cause or foundation of the action. *Taylor v. Coal Co.*, 110 Iowa, 40; *Tackett v. Taylor Co.*, 123 Iowa, 149. And also from decisions declaring the liability of one who fraudulently or improperly transfers a negotiable note to another who as innocent purchaser may force the maker to pay what he does not owe, for these have no application where the maker is *particeps criminis* in executing the instrument. See *Elevated Ry. Co. v. Kneeland*, 120 N. Y. 134 (24

3. SAME.

N. E. 381, 8 L. R. A. 253, 17 Am. St. Rep. 619);
*Detweiler v. Bainbridge Grocery Co.*, 119 Ga. 981 (47 S.
E. 553); *Evans v. Stuhrberg*, 78 Mich. 145 (43 N. W.
1046, 6 L. R. A. 501, 18 Am. St. Rep. 435).

The verdict should have been directed for defendant.
—*Reversed.*