*Pottle & Hofmayer,* contra.

---

## HOWSER BROTHERS *v.* TONSON *et al.*

ATKINSON, J. 1. The wrongful transfer by a payee of negotiable notes to a bona fide purchaser, thereby cutting off valid defenses of the makers thereto, gives rise to a cause of action for the damages resulting therefrom. *Detwiler* v. *Bainbridge Grocery Co.,* 119 *Ga.* 981 (47 S. E. 553).

2. There being no allegation that the payee of the notes was insolvent, and the purpose of the petition being to enjoin the transfer of the notes in order to enable the plaintiffs to plea certain defenses thereto, consisting of partial failure of consideration, due to failure to deliver to the makers of the notes certain property for the purchase of which the notes were given, and to recoup against said notes damages arising out of a breach of warranty of the quality of some of the property for which the notes were given, the court did not err in sustaining a general demurrer to the petition and in dismissing the same.

3. The petition does not show that injunctive relief is authorized on the ground that it would prevent a multiplicity of suits, one suit to enable the plaintiff to recover damages and the other to recover personal property. Under the facts alleged in the petition, a recovery of damages would be full and adequate relief for everything of which the plaintiff complains. The plaintiff is afforded an appropriate remedy at law to set up defensively all matters going to a denial of the right to recover on the notes, and by recoupment all damages growing out of a breach of the contract, in the event suit should be instituted on the notes by the payee; or in case of transfer of the notes to an innocent purchaser, the plaintiff would have a right of action against the payee for all damages allowable by law for breach of the contract on account of failure to deliver the property, or breach of warranty as to the quality or condition of the property.

*Judgment affirmed. All the Justices concur.*

No. 3471. SEPTEMBER 25, 1923.

Equitable petition. Before Judge J. B. Jones. Lumpkin superior court. October 28, 1922.

Howser Brothers filed a petition against G. W. Tonson and the Water Power & Mining Co. of Georgia, and alleged substantially the following: On Aug. 6, 1921, plaintiffs executed and delivered to the Water Power & Mining Co. of Georgia their three promissory notes, one for $200 principal, one for $300 principal, and one

for $325 principal, due respectively six, eighteen, and twenty-four months after date, with interest from date at the rate of eight per cent. per annum, and providing for the payment of ten per cent. attorney's fees. These notes recited that they were given " for value received," without otherwise specifying the nature of the consideration so as to place a bona fide purchaser for value and without notice on inquiry as to their actual consideration, or of any equities between the parties, or any defense of the makers, or any independent covenants between the parties, or any cross-obligations growing out of said contracts. The first of these notes was given for certain electrical equipment located in the City of Dahlonega, and is in no way related to the consideration of the last two notes, except that the aggregate amount of the principal of the three notes is specified as purchase-money in a bill of sale from said company to plaintiffs. The first note has been paid in full and delivered to plaintiffs by defendants. In consideration of the last two notes said company executed and delivered to plaintiffs a bill of sale to certain electrical equipment described therein, consisting of poles, wires, and other accessories. This bill of sale is as follows.

" Georgia, Lumpkin County. This agreement witnesseth that G. W. Tonson, Agent, for the Water Power and Mining Company, for and in consideration of the sum of eight hundred twenty-five ($825.00) dollars to him in hand paid by R. D. and T. W. Houser, the receipt whereof is hereby acknowledged, has bargained and sold, and does hereby bargain, sell, and deliver unto the said R. D. & T. W. Houser, the following described property, to wit: The Electric Lighting Distribution system in the Town of Dahlonega, consisting of all wires west of the Negro Church, all poles, cross-arms, insulators, transformers, and franchise for lighting said town granted by the mayor and council of said city. The aforementioned equipment includes all of the lighting system west of the Negro Church owned by the Water Power & Mining Company and used by said company in distributing the said electric power for lighting said town. The said G. W. Tonson, Agent for the Water Power & Mining Company, does hereby warrant the title to the above-described lighting system. In witness whereof the said G. W. Tonson, Agent of the Water Power & Mining Company, has hereunto set his hand and seal, this 8th day of August, 1921.

"Water Power & Mining Company, By G. W. Tonson, Agent.

"Signed, sealed and delivered in presence of:

"T. F. Christian, Clerk Superior Court, Lumpkin County, Georgia."

By independent agreement the good will of the defendant was made a part of the consideration of the last two notes. This bill of sale, as expressed therein, includes all of the lighting system owned by said company west of the Negro Church within the incorporate limits of the City of Dahlonega. It was understood by all parties that this description included not only the equipment of every kind then in use and already connected for the actual transmission of electric current, but all disconnected equipment at that time located in the stock room of said company in the City of Dahlonega. Defendants expressly warranted said equipment to be suitable for attaching to plaintiffs' lighting system for the purpose of transmitting electric current to light the streets, residences, and public buildings of Dahlonega. Two of the transformers purchased from defendants failed under ordinary circumstances to perform the required work, and were absolutely defective. Plaintiffs were forced to discard them and replace them by the purchase of others at an expense of $75. Plaintiffs were forced to spend $15 for labor in installing them, and were damaged in the sum of $25 discount on light bills for the time a number of customers were without lights due to delay in installing new transformers. Defendants failed to deliver to plaintiffs and still refuse to deliver to them, after demand, the equipment which, at the time of the giving of said notes and making of said sale, was located in the stock-room of defendants, a large portion of which defendants have removed therefrom and concealed to keep plaintiffs from getting it. The value of this equipment is at least $400. As a result plaintiffs have been forced to buy supplies elsewhere at an additional expense, which would have been unnecessary had said stock been delivered to plaintiffs in agreement with said contract and said independent agreement to sell to petitioner the good will of defendants; and defendants have thus hindered, embarrassed, and delayed petitioners in constructing and maintaining said lighting plant. Petitioners are entitled to a yearly rental of this property of $50; and they can not give a definite description and valuation of the same, because a large part of it

has been concealed by defendants and the remainder withheld from petitioners.

By reason of the foregoing facts, petitioners are entitled to recoup against defendants on their unpaid notes $400 for the property located in the stock-room and removed therefrom, $75 for transformers replacing defective ones, $15 cost of labor in replacing said transformers, $25 for discounts from light bills, $50 rent for property detained at stock room or removed, $35 for fee due W. S. Gaillard, attorney, for bringing this suit; aggregating $600. Petitioners claim the above sum, " on the ground that defendants have not kept their independent covenants running with the aforesaid contracts nor their cross-obligations with respect to the same." In addition to the above sum petitioners claim a yearly rental of $50 on property unlawfully detained from them by defendants, with interest at the rate of seven per cent. on the aggregate amount from judgment. To prevent circuity and to settle this controversy in one action, petitioners are willing for defendants to sue on their notes by way of cross-action to this suit, although said notes are not yet due, subject to their claim of recoupment, the question of opening and concluding the argument to be decided by the court upon the same rules as would have applied to a direct action on the notes and a recoupment on such. Petitioners ask equitable relief, for the reasons: (*a*) because their remedy is recoupment, and it can not be set up at law except defensively to a direct action on the notes by payee or assignee affected with notice of such defense; (*b*) because the notes, being under seal and not due, could be withheld from suit until the statute of limitations would bar a plea of recoupment, and then be sued on against petitioners; (*c*) because said company, the payee in said notes, is selling and disposing of its property through its agent, and in case of transfer of said notes to an innocent purchaser for value, without notice, and before maturity, petitioners' right of recoupment would be lost and they would be otherwise remediless; (*d*) because petitioners' remedy at law would not be as adequate as in equity, and multiplicity and circuity of actions can be avoided by the whole merits of the case being adjudicated in this action; (*e*) because the property involved, on account of acts of defendants unmixed with any negligence on the part of petitioners, was never delivered to petitioners, and they have not been

able to make any inventory thereof or describe the same in order to bring a trover suit or possessory warrant against defendants, whose acts are a fraud upon petitioners.

Petitioners prayed: (1) judgment against defendants for the sum of $600 by way of recoupment against said notes, and that to this amount be added a yearly rental of $50 for property unlawfully detained by defendants, and that the aggregate sum draw interest at the rate of seven per cent. per annum; (2) that defendants be restrained from transferring, selling, or assigning said notes; and (3) that a temporary injunction be granted for the same purpose. By an amendment plaintiffs alleged that defendants, in order to obtain said notes, represented to plaintiffs that they would deliver and sell to them, along with the property specified in the bill of sale, which it was agreed would be included in the bill of sale, all of said property located in said stock-room, and represented to plaintiffs that said defective transformers were well suited to petitioners' use; and relying thereon, and having no convenient means of finding out the falsity of the same, plaintiffs delivered said notes to defendants. Said representations were knowingly and designedly false, and misled plaintiffs to their injury; all of which plaintiffs charge is a fraud upon them, by which defendants induced plaintiffs to sign and deliver to them said notes. This amendment was allowed subject to demurrer.

The defendants demurred to the petition, on the grounds: (1) it set forth no cause of action; (2) the facts alleged do not entitle plaintiffs to the relief prayed for; (3) there is no equity in the petition; (4) it does not appear that plaintiffs' remedy at law is not adequate and complete. There were various grounds of special demurrer. The trial judge sustained the general demurrer and dismissed the petition, but made no rulings on the grounds of special demurrer. To this judgment the plaintiffs excepted.

*W. S. Gaillard,* for plaintiffs.

*Charters, Wheeler & Lilly,* for defendants.