ALICE MAY SLATER, complainant,

*v.*

ALTER GITTLEMAN et ux., defendants.

SIDNEY WESTHEIMER, complainant-appellant,

*v.*

ALTER GITTLEMAN et ux., defendants-respondents.

[Submitted October term, 1928. Decided February 4th, 1929.]

*Messrs. Isaacs & Gunther,* for the appellant.

*Messrs. Braelow & Tepper,* for the respondents.

*Messrs. Palmer & Cooper,* for the complainant Alice May Slater.

The opinion of the court was delivered by

LLOYD, J.

The decree in this case ordered that the bond and mortgage about which the controversy turns be endorsed for cancellation by the complainant Westheimer to the defendants and that it no longer constitute a lien on the lands and premises therein described and that Westheimer be enjoined from collecting any money on the mortgage or the bond accompanying it. It decreed the dismissal of the bill filed by Alice May Slater (which portion of the decree was consented to by her solicitor) and that the bill of complaint of the mortgagee Sidney Westheimer be also dismissed. It was further ordered that Westheimer return to the defendants the sum of $2,000 which had been paid to him on the mortgage, together with the interest thereon.

There were two suits, one by Sidney Westheimer, mortgagee, to foreclose a bond and mortgage conditioned for the payment of $5,800; the other was by Alice May Slater, a creditor of the defendants praying to have the bond and mortgage declared fraudulent as to her, and that Westheimer be enjoined from assigning or foreclosing the same.

The bond and mortgage were given by the defendants as part of an agreement between themselves and Westheimer to relieve the son of the defendants from a criminal prosecution for embezzling funds belonging to Westheimer.

There was no doubt of such agreement nor that the son had embezzled $6,000 belonging to Westheimer, the prosecution of which offense the latter agreed to suppress if the bond and mortgage were given.

In the case of *Ball* v. *Ball, 79 N. J. Eq. 170,* it was held by this court that an agreement to compound a criminal offense where no violation of the criminal law had occurred (though believed otherwise by the parties), was not illegal, inasmuch as the actual commission of a criminal offense was an essential ingredient of the illegal compact, but the court expressed no opinion on the question here involved. We think the question being now definitely before us, it must be solved adversely to the right of the parties to avail themselves of the fruits of the agreement or of the return of moneys paid in pursuance of it. The general rule is so (*Am. Cas. Con.* (*2d ed.*) *348*), and while in some states private compromise of certain public wrongs in which the private interest predominates is permitted by statute (*13 C. J. 454*), in our own state legislation has made private settlement of misdemeanors criminal in section 19 of the Crimes act of 1898 (*Comp. Stat. p. 1749*), which declares that "any person who shall take money, goods, chattels, lands or other reward or promise thereof to compound or upon agreement to compound any * * * misdemeanor under this act shall be guilty of a misdemeanor," and by section 179 of the same act (*Comp. Stat. p. 1798*) embezzlement as here involved was made a misdemeanor.

In view of the common law and of the statute which expressly makes the agreement to suppress itself a misdemeanor. it cannot be permitted that a party seeking enforcement of the agreement or the recovery of moneys paid thereunder should find entree to a court of conscience; his hands are confessedly unclean. For this reason the bill of Westheimer was properly denied.

Inasmuch as the decree dismissing the bill of Alice May Slater was consented to by her solicitors that portion of the decree also should not be disturbed.

In directing the refund of moneys paid by defendants to the complainant Westheimer, and requiring the surrender of the bond and mortgage for cancellation, however, we think the court erred. As already stated the bond and mortgage were the result of an unlawful agreement between the parties to suppress a criminal offense. Such an agreement being illegal and void, the parties should have been left where the law found them, the court lending its aid to neither. So much of the decree, therefore, as directs the return of moneys paid by Westheimer and so much of the decree as declares that the mortgage shall not constitute a lien and which requires the assignment and surrender of the bond and mortgage will be reversed to the end that the parties may be without remedy one against the other.

*For affirmance*—None.

*For reversal*—None.

*For modification*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.