THE FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Respondent, *v.* GARDNER T. PALMER and Another, Defendants, Impleaded with JEROME B. PALMER, Appellant.

Fourth Department, June 30, 1937.

*Harris, Beach, Folger, Bacon & Keating* [*Kenneth B. Keating* of counsel; *Leonard Lee Bacon* with him on the brief], for the appellant.

*Wynkoop & Toan* [*D. Mordecai Greenberg* of counsel], for the respondent.

TAYLOR, J. This is an action on a promissory note made by defendant Gardner T. Palmer, payable on demand to the order of the plaintiff and indorsed by his wife, the defendant Lucille J. Palmer,

and by his father, the defendant Jerome B. Palmer. Jerome Palmer alone defended the action. In his answer, Jerome Palmer set up the defenses that his indorsement was obtained through duress; that the note was given to compound a felony; and that presentment, demand and notice of protest thereof were not timely. Trial of the issues was commenced before the court sitting with a jury. At the close of the proofs, plaintiff moved to dismiss the defense that the note in suit was given to compound a felony, on the ground that the evidence, in support of such defense, was insufficient to warrant its submission to the jury. The motion was granted and the defendant duly excepted to the ruling. Both parties then moved for the direction of a verdict, consenting that the jury might be discharged and the motions subsequently passed upon, and a verdict directed upon the decision of the court. Thereafter the court found for plaintiff on the issues of duress and due protest, and directed a verdict in its favor.

On this appeal, defendant urges that, as a matter of law, the presentment, demand and notice of protest of the note were not timely, that the finding that duress was not proved is against the weight of the evidence, and that it was error to dismiss the defense that the note was given to compound a felony.

I reach the conclusion that there was evidence which required the submission to the jury of the defense that the note was given to compound a felony.

The evidence bearing upon this defense may be summarized as follows:

Gardner T. Palmer was an insurance broker connected with a corporation which was engaged in the general insurance business and which represented insurance companies as general agent (hereinafter called " general agent "); he solicited insurance and when he obtained a customer the policy was issued by the general agent in companies which it represented as general agent; the general agent permitted him to bill his customers in his own name for the premiums and to deduct therefrom his commissions before remitting to it as general agent; he was under obligation to account for premiums collected by him, less his agreed commission. Plaintiff was surety on his bond given to the general agent and, as such surety, its obligation was to pay any loss, through misappropriation, of moneys by Gardner T. Palmer. In the summer of 1932 the discovery was made that he had not accounted for premiums collected by him in excess of $4,800. When payment of these premiums was demanded, he stated that he was unable to procure the money and suggested that the plaintiff be notified. In response to notice, given plaintiff by the general agent, plaintiff sent its

agent to investigate the matter. Following investigation, Gardner T. Palmer delivered the note in suit to the general agent which, in turn, delivered it to plaintiff and then plaintiff paid to the general agent the amount of said note, less approximately $300 for which it claimed not to be liable because said sum had been misappropriated after the general agent had filed its claim.

The foregoing facts are not disputed.

There was also evidence adduced upon the trial that it was agreed between Gardner T. Palmer, the general agent and plaintiff that plaintiff would pay to the general agent the amount of Palmer's deficit upon delivery, by Palmer to plaintiff, of a promissory note executed in accordance with instructions that Palmer would thereafter receive from the general agent; that shortly thereafter the general agent informed Palmer that it had received from plaintiff a form of promissory note which plaintiff would accept if indorsed by Palmer's father; that Palmer at first was reluctant to ask his father to indorse the note but, upon being threatened with imprisonment if he did not obtain his father's indorsement, Palmer told his father that refusal to indorse the note would mean imprisonment for him; that the father believed his son's statement and that was the reason why he indorsed his son's note.

From this evidence, if credited, the jury might have found that the note was given pursuant to an agreement to suppress the evidence of a crime alleged to have been committed. A promissory note, given pursuant to such an agreement, is an illegal contract and void between the parties. (*Haynes* v. *Rudd*, 102 N. Y. 372.) It was not necessary that the evidence show an express agreement to forego prosecution or to suppress the evidence — this might be implied from the acts and conduct of the parties. (*Catskill National Bank* v. *Lasher*, 165 App. Div. 548; affd., 221 N. Y. 551; *Union Exchange National Bank* v. *Joseph*, 231 id. 250.)

In view of the conclusion that there was evidence which required the submission to the jury of the defense that the note was given to compound a felony, it becomes unnecessary to pass upon the other grounds urged by appellant for reversal of the judgment.

The judgment and order should be reversed on the law and a new trial granted, with costs to appellant to abide the event.

All concur. Present — SEARS, P. J., CROSBY, LEWIS, CUNNINGHAM and TAYLOR, JJ.

Judgment and order reversed on the law and a new trial granted, with costs to the appellant to abide the event.