HERMAN GUESSLIN, Plaintiff, *v.* GEORGE PHILLIPS, Defendant.

Supreme Court, Niagara County, June 24, 1939.

*Fred V. Degnan* [*Walter F. Cherry* of counsel], for the plaintiff.

*Steele & Schultz* [*Peter A. Schultz* of counsel], for the defendant.

HARRIS, J.  Motion made under rule 106 of the Rules of Civil Practice for the dismissal of the amended complaint herein on the ground that on the face of such amended complaint it appears to state facts not sufficient to constitute a cause of action.

Throughout the growth and practice of law, ingenious minds have sought and devised remedies until then unknown for the redress of wrong. It is apparently with this thought in mind that the plaintiff has drawn his complaint herein.

In substance the complaint alleges that on the complaint of the defendant a warrant was issued, under which warrant the plaintiff was arrested for the crime of criminally receiving stolen property, and that subsequent to such arrest the plaintiff was indicted by the grand jury of Niagara county for such crime; that the defendant herein and his attorney represented to the plaintiff and to a brother of the plaintiff that this defendant had consulted with the county judge and with the district attorney of Niagara county and that as a result of such consultation the defendant would procure the quashing of the indictment if the plaintiff paid to the defendant the sum of $300; that the plaintiff consented to such arrangement and in order to raise the necessary funds made a forced sale of some of his personal property at a loss of $1,500 of the value of such property; that such representations made by the defendant and his attorney were false to the knowledge of the defendant; that following the payment of such sum of $300 the defendant failed to procure the withdrawal of the charges and that in consequence of such failure the plaintiff was compelled to plead guilty to the accusation, and on his conviction under such plea was sentenced to and did serve a term in Attica State Prison.

The complaint, which recites the above-mentioned facts more fully elaborated therein, contains three different causes of action. The first one based on negligent utterance of words asking for damages in the sum of $1,500; the second on the theory of fraud with damages prayed for in the sum of $1,500; and the third for money had and received in the sum of $300.

The contention of the defendant on the motion herein to dismiss is based on the defendant's argument that the facts as alleged in the complaint are sufficient to show that the arrangement between the plaintiff and the defendant was one to compound a crime. If such contention of the defendant is sound in law, then there may be no recovery of damages based on the facts alleged in the complaint, even if those facts are established on trial.

Section 1308 of the Penal Law provides that criminally receiving stolen property is a felony.

Section 570 of the Penal Law reads as follows:

" Punishment for compounding crime. A person who takes money * * * upon an agreement or understanding, express or implied, to compound or conceal a crime, * * * or to * * *

discontinue, or delay a prosecution therefor,  *  *  *  except in a case where a compromise is allowed by law, is guilty:  *  *  *

"(2) of a felony,  *  *  *  where the agreement or understanding relates to another felony."

Section 666 of the Code of Criminal Procedure reads as follows: " No crime can be compromised, nor can any proceeding for the prosecution or punishment thereof upon a compromise be stayed, except as provided in sections six hundred and sixty-three and six hundred and sixty-four."

The exceptions in section 666 refer to the compromise of charges of misdemeanor.

Opposing such contention of the defendant, the plaintiff argues that the arrangement as set forth in the complaint was one that could be legally made by reason of the provisions of section 671 of chapter 7 of the Code of Criminal Procedure, which section 671 reads as follows: " The court may, either of its own motion, or upon the application of the district attorney, and in furtherance of justice, order an action, after indictment, to be dismissed. In such case a written statement of the reasons therefor shall be made by the court and filed as a public record."

His argument is that so long as the court has the power in a proper case to order the quashing of an indictment, he, the plaintiff, had a legal right to make the arrangement which he says he made with the defendant. I am sure that this argument is ingenious, but I am equally of the opinion that it is not a tenable one. The correctness of the plaintiff's thought would mean that outside influence could at times control the judgment of the court on the question of the dismissal of an indictment, for which dismissal provision is made in section 671. This was not the intention of the Legislature and is not in accordance with the thought of an untrammeled and unbiased judgment of the court. I am of the opinion that the plaintiff alleges nothing more or less in his complaint than facts which, if proven, would establish the compounding of a crime. Because of public policy such an action cannot be sustained in our courts. (*Fidelity & Deposit Co.* v. *Palmer*, 252 App. Div. 55; *Union Exchange Nat. Bank* v. *Joseph*, 231 N. Y. 250; Restatement of the Law of Contracts, §§ 548, 549, 598.)

The complaint is dismissed.