114 N.J. Super. 175 (1971)
275 A.2d 457
WILLIE WILSON, PLAINTIFF,
v.
UNITED STATES LINES, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided March 16, 1971.
*176 Mr. Arthur N. D'Italia for plaintiff (Messrs. Chasan, Leyner & Holland, attorneys).
Mr. Elmer J. Bennett for defendant (Messrs. Carpenter, Bennett & Morrissey, attorneys; Mr. William S. Jeremiah on the brief).
FELLER, J.S.C.
This is a motion for summary judgment in favor of defendant United States Lines (hereinafter referred to as U.S. Lines) and against plaintiff Willie Wilson, and a cross-motion for an order striking defendant's first separate defense predicated upon the validity of a release executed by plaintiff. Both sides have submitted affidavits and briefs.
The facts reveal that plaintiff Willie Wilson is a truck driver for Harbor Motor Express, Inc. Pursuant to his employment he made a pickup at U.S. Lines in Port Elizabeth. While there Wilson was detained and subsequently arrested for possession of stolen property following the discovery of tires belonging to U.S. Lines on the truck he was driving, which truck was owned by Harbor Motor Express, Inc. Plaintiff Wilson, in effect, denied the charge.
On or about May 15, 1970, a few days before the scheduled preliminary hearing on this charge in the Elizabeth Municipal Court, Wilson went to U.S. Lines to request that the charges against him be dropped. It was decided that U.S. Lines would drop its complaint if, as asserted by defendant, the stolen tires were returned, payment was made to U.S. Lines for damage to the tires, and a general release of any and all claims arising out of the arrest for any claim of false arrest, malicious prosecution or abuse of *177 process was signed by Wilson. Plaintiff denies any previous agreement to the release or any discussion of this at this time. Wilson asserts it was not until May 18, 1970, at the preliminary hearing, that he first learned of these prior conditions. However, at the time immediately preceding the hearing all parties agreed to these terms and the release was given and the complaint dismissed.
The facts do not reveal, nor does plaintiff assert, that there was any fraud perpetrated upon him in the execution of this release. In fact, it appears that Wilson had legal advice with respect to his initial claim arising out of his arrest, as well as advice from his employer at the time of the release signing.
Wilson then filed a complaint against U.S. Lines for malicious prosecution and malicious abuse of process. Defendant in its answer asserted as an affirmative defense the release which Wilson had given it. On the basis of this release defendant now moves for summary judgment. Plaintiff opposes the motion and files a cross-motion for an order striking this defense.
Plaintiff in his cross-motion also requests that R. 1:1-2, which permits the relaxation of the rules where, among other things, simplicity of procedure is best served, be employed so that his cross-motion may be heard simultaneously with the motion for summary judgment in violation of R. 1:6-3. R. 1:6-3 requires motions to be filed no later than eight days before the time set for hearing. With this request the court has complied, for it does appear that simplicity of procedure would be served and no unjust result would be created.
With respect to the cross-motion for an order striking defendant's first separate defense predicated upon the validity of a release executed by plaintiff, it is the opinion of this court that the motion should be granted. The defense of release and the respective motions of the parties in connection with this defense raises the question of the validity of the release.
*178 First, this court questions the substantive validity of the release. Is an agreement to forebear prosecuting a criminal offense in exchange for the forebearance of a civil claim a valid agreement? This is a question of law to be decided.
It is fundamental law that a release is valid when dealing with the forebearance of a litigant's civil rights. United & Glove Rubber Manufacturing Co. v. Conard, 80 N.J.L. 286 (E. & A. 1910). However, this court is of the opinion that an agreement to forebear prosecution of a criminal case is void as against public policy.
Frequently, an agreement relating to the suppression of criminal prosecutions is one of the terms in a settlement with the victim of a crime. Such settlements, which usually involve compensation by the offender (or by someone acting in his interest) for the injuries resulting from the crime, or restitution of the property wrongfully appropriated, are made with the understanding that the offender is not to be prosecuted. The making of such an arrangement is void as against public policy.
The general principle that such agreements are void has never been doubted. With the possible exception of offenses the prosecution of which may not be regarded as essential to the public welfare, such agreements are illegal and promises made in consideration thereof are unenforceable. See 17 Am. Jur. Contracts, 2d, § 202 at 571-572.
In Jourdan v. Burstow, 76 N.J. Eq. 55 (Ch. 1909), the court was faced with the question of whether a man who conveyed property in satisfaction of an admitted embezzlement can recover it back simply because the written agreement which he entered into with his employers to make restitution contained a clause against prosecution. The court, in refusing to permit recovery, said in part (at 55), "Such an agreement is plainly illegal, and its performance could not be compelled." See also Slater v. Gittleman, 104 N.J. Eq. 172 (E. & A. 1928).
*179 In the present case the release was given by Wilson in return for the forebearance by U.S. Lines not to prosecute its criminal complaint. Although it is admitted that other consideration was given in exchange for the promise, we are not concerned with that because Wilson did not furnish the consideration. Here, as in Jourdan, supra, this court cannot enforce such an agreement or give any other legal effect to it. This would include using it as a defense in this action. It is illegal and its allegation as a defense must be set aside.
Other jurisdictions have dealt with this problem and have resolved it in like fashion. In Wolff v. Perkins, 254 Mass. 10, 149 N.E. 691 (Sup. Jud. Ct. 1925), an action was brought by the payee of a negotiable promissory note against his son and defendant Perkins as co-maker. At the close of the evidence the trial judge directed a verdict for plaintiff, subject to Perkins' exceptions. Plaintiff's son was arrested for larceny of automobile tires. The case was disposed of by payments made by plaintiff to the people from whom the tires were stolen and to the courts for costs. He was reimbursed for part of these payments and received a note for the balance signed by defendants. The note was renewed from time to time and reduced by payments until the balance due was represented by the note upon which the action was based. One of the defenses considered by the court was that the note was given for an illegal consideration. The court said:
A note given under such circumstances is based upon an illegal consideration. * * * Such agreements are against public policy and cannot be enforced. [at 692]
Defendant states that the validity of the release is determined by the conduct of the parties, and unless unfair or unconscionable conduct is shown, the release will be enforced. See Wojcik v. Pollock, 97 N.J. Super. 319 (Law Div. 1967). However, this court is not attacking the procedural irregularity of the release, but its substantive validity, the underlying consideration.
*180 Defendant next raises the point that an essential ingredient of the compounding of the felony is the actual commission of the felony. In Slater v. Gittleman, supra, 104 N.J. Eq. at 174, the court said that in Ball v. Ball, 79 N.J. Eq. 170 (E. & A. 1911), it was held that an agreement to compound a criminal offense where no violation of the criminal law had occurred (though believed otherwise by the parties) was not illegal inasmuch as the actual commission of a criminal offense was an essential ingredient of the illegal compact. Embezzlement was there admitted. However, this court disagrees with the Slater decision on this point since a careful reading of Ball, shows that such a holding was obiter dictum, therefore apparently leaving this point one of first impression.
The rule supported by most of the authorities on the subject is that an agreement to suppress a criminal prosecution is illegal, whether the person charged is innocent or guilty. Therefore, an instrument given in consideration of suppressing a criminal prosecution is void as between the parties, without reference to the guilt or innocence of the threatened individual. 17 Am. Jur.2d, Contracts, § 204 at 574.
In Union Exchange National Bank of New York v. Joseph, 231 N.Y. 250, 131 N.E. 905 (Ct. App. 1921), the court held:
The rule that notes given to prevent threatened prosecution of a relative for criminal misappropriation of funds are void for duress or compounding a felony, and that, both parties being wrongdoers in stifling a charge of crime, payments made on such notes cannot be recovered, is not affected by the possible innocence of accused, at least where the charge of crime is not made in bad faith, nor by the fact that the prosecution had not been actually initiated but merely threatened.
It is therefore this court's opinion that plaintiff's claim of innocence does not affect his instant motion.
Defendant argues that because plaintiff initiated the discussion leading to the signing of the release, he reaped its *181 benefits of this release and is now estopped from arguing its validity. Does defendant reasonably believe that a man who contends that he is innocent of any wrongdoing would act any differently than plaintiff?
Defendant further asserts that its bona fide belief that it had a claim against plaintiff, even if in fact no crime had been committed by plaintiff, was sufficient consideration for the release. However, for the reasons set out supra this court must reject the argument upon the theory that the forebearance of prosecuting a criminal claim is unlawful and therefore unenforceable by this court, whether plaintiff is guilty or not.
As for defendant's motion, in order that a motion for summary judgment may be granted it must appear that no genuine issue of fact exists. Judson v. Peoples Bank & Trust Company of Westfield, 17 N.J. 67 (1954). In view of the fact that this court must grant plaintiff's cross-motion striking defendant's affirmative defense of release, the basis upon which defendant's motion for summary judgment rests, a genuine issue of fact arises which necessitates the denial of that motion.
Defendant's motion for summary judgment is denied and plaintiff's motion to strike the affirmative defense of release granted.